## LEVI J. LENOX v. ERASTUS M. FULLER.

*Action for deceit—Replevin—Witness' credibility—Error.*

L bought land from F, gave his note and a mortgage on it, and after improving it had the sale canceled and his mortgage discharged. But while the mortgage to F was yet unrecorded he had mortgaged the land again to a third person without the knowledge of F who recovered damages against him for deceit in asserting that he had not encumbered it. *Held* that it was not error to admit in evidence the record of the first mortgage, nor to show the value of the improvements, the changes made by L, and the condition of the premises when re-conveyed.

One who testifies that he does not know a witness' reputation for truth and veracity may, if he was called to support him, be asked if he has ever heard it questioned.

Replevin for property transferred under false representations does not necessarily bar an action for damages from the deceit.

One cannot complain of errors which do not prejudice him.

Error to Macomb. Submitted June 19. Decided Oct. 9.

TRESPASS ON THE CASE. Defendant brings error.

*C. R. Canfield* for plaintiff in error. Replevin to regain possession is inconsistent with an action on the case for damages from deceit in obtaining the property, *Morris v. Rexford*, 18 N. Y., 552; *Beloit Bank v. Beale*, 34 N. Y.,

473; *Lindsley v. Ferguson*, 49 N. Y., 623; *Carroll v. Rice*, Walk. Ch., 373; *Connihan v. Thompson*, 111 Mass., 270; *Galloway v. Holmes*, 1 Doug. (Mich.), 330; *Sloan v. Holcomb*, 29 Mich., 153; *Thompson v. Howard*, 31 Mich., 309; *Beam v. Macomber*, 35 Mich., 455; *Wheaton v. Baker*, 14 Barb., 594; separate suits cannot be brought upon a single demand for which there is a substantive cause of action, *Bendernagle v. Cocks*, 19 Wend., 207; *Marlborough v. Sisson*, 31 Conn., 332; *Branneburg v. Ind. & C. R. R.*, 13 Ind., 103.

*Joseph Chubb* and *J. B. Eldredge* for defendant in error. One who has elected to treat a sale by him as void for fraud may sue for damages from the fraud, *Warren v. Cole*, 15 Mich., 265; one cannot complain of instructions favorable to himself, *English v. Caldwell*, 30 Mich., 362; *Clark v. McGraw*, 14 Mich., 151.

GRAVES, J. April 27, 1876, Fuller conveyed his farm of eighty acres to Lenox for the consideration of $2600. The conveyance was made subject to a mortgage given to one Castor and on which there remained three hundred dollars and some interest. For a thousand dollars of the purchase price Lenox gave his note to Fuller payable in sixty days. The remaining thirteen hundred dollars was secured by mortgage on the place. Lenox caused his deed to be put on record within a day or two, but Fuller neglected to have his mortgage recorded until the middle of June. In May Lenox mortgaged the place to Mrs. Connor for thirteen hundred dollars. Fuller did not move from the place, but Lenox controlled the use of it.

He built a barn and performed some work on the place, and as it seems, paid the Castor mortgage and some part of the note for a thousand dollars. There were some other dealings between the parties which are not clearly explained. Finding himself unable to pay the rest of the purchase money, Lenox made over-

tures to Fuller in the course of the fall to trade back on some terms. Fuller was at first averse to doing so, but at length consented.

Some matters between them which are not very distinctly described were to be canceled. What remained of the amount originally covered by the note for a thousand dollars was to be surrendered. The mortgage to Fuller for thirteen hundred dollars was also to be discharged, and besides Fuller was to deliver a colt and pig, and Lenox was to reconvey.

November 1st, 1876, the parties proceeded to carry out the arrangement. And so far as the record shows they did carry it out without leaving any ground of contention except in regard to a single matter and which is the cause of the present litigation.

Fuller charges that he had no knowledge of the mortgage to Mrs. Connor and that Lenox repeatedly told him expressly that he had not encumbered the place. This suit was brought to recover damages for this alleged deceit, and Fuller obtained a verdict for $800. Lenox insists that it was part of the understanding for the reconveyance that it should be subject to his mortgage to Mrs. Connor and that Fuller was fully informed of the existence of that mortgage. The deed contained the usual covenants and that against incumbrances contained an express exception of the mortgage to Mrs. Connor, and Lenox testified that the deed including the exception was slowly and distinctly read to Fuller. The latter swore that only a part of the deed was read to him and that the part referring to this mortgage was not. Each adduced further evidence to support his own version.

There is no force in the objection made against the admission of the record of the mortgage given by Lenox to Fuller. It was one of the surrounding and explanatory facts which the jury were entitled to have before them. The mortgage was one of the papers to be cancelled on the reconveyance and was an incident connected with the commission of the wrong complained of.

Moreover the record was evidence that the mortgage was not recorded until after Mrs. Connor's.

A witness, who was a carpenter, was asked what the barn was worth, and this was objected to as irrelevant. This inquiry bore upon the value of improvements made by Lenox and upon the credit due to Fuller's claim that he did not accept the place subject to Mrs. Connor's mortgage. The greater the value of the improvements added by Lenox the more room for question whether Fuller did not take the place back burdened by the Connor mortgage. The changes made by Lenox and the true state of the premises when they were reconveyed were proper matters for the jury.

Evidence was given to show that Fuller's reputation for truth and veracity was bad and Mr. Stone was called to sustain him. Having stated that he knew him, but was not acquainted with his reputation for truth and veracity in the neighborhood where he lived,—that he was acquainted with his neighbors and had considerable to do with them, he was then further asked whether he had ever heard of his truth and veracity being questioned. This was objected to as incompetent, but the court allowed the question and the witness replied that he could not say he ever had. The point is supposed to have been ruled expressly the other way by our predecessors, and *Webber v. Hanke*, 4 Mich., 198, is cited. The question passed upon there was different.

Error was brought to reverse the judgment of a justice of the peace, together with the judgment in affirmance of it in the circuit court. On the trial before the justice the plaintiff in error called one Schimmel to impeach Strasburg, a witness for the opposing party. He was not called to *sustain* a witness against whom impeaching evidence had been given, but to *impeach*. The purpose was not to show that the standing of the other witness was such as to help create a good opinion of his veracity, and induce an inference in favor of his

credit, but it was to make out in the mode sanctioned by the rules of evidence that his standing was so bad as to warrant an inference unfavorable to his credit. The difference between these objects is material. On being sworn, Schimmell testified that he did not know the general reputation of Strasburg for truth and veracity in the neighborhood where he lived. And although this answer showed that he was not qualified to depose agreeably to the rules of evidence *against* Strasburg's credit, and for which alone he was under examination, the examining counsel persisted and put this further question: "Have you heard people acquainted with him speak of such character?" The question was objected to and the justice excluded it.

The court affirmed the ruling. The witness appeared to be incompetent to state what was needful to *impeach*, and the answer which the question regularly called for could not be otherwise than immaterial. He had disproved his ability to give legitimate evidence against Strasburg's credit and the party was not entitled to insist upon giving any other.

Where, however, the witness is not called to *impair* but to *support* credit, the ground is different. Not to have been talked about at all in regard to integrity is not to have been talked against, and it is not objectionable to show that the veracity of the witness has not been questioned.

The fact that a person's truthfulness has never been the subject of controversy is according to general observation and experience, very cogent evidence to prove him worthy of credit, and where those who would be likely to know if it had been the subject of criticism testify they have no knowledge that it has been, the evidence is proper as conducive to the effect that such person could not have borne the bad reputation imputed. *People v. Davis*, 21 Wend., 309; *Gandolfo v. The State*, 11 Ohio St., 114; *State v. Lee*, 22 Minn., 407. The exception is not sustained.

Soon after the reconveyance and prior to this suit, Fuller brought replevin against Lenox before a justice for the horse given in the trade back, and the action was still pending in the circuit court on appeal when the present cause was tried. The replevin suit was instituted on the theory that Fuller was defrauded of the horse by the imposition alleged in this case, and was hence entitled to repudiate the transfer. It was insisted in the court below on the part of Lenox, and is urged here that Fuller having taken the step in replevin in repudiation of the transaction upon the ground of the alleged deceit, thereby debarred himself from bringing this suit to recover distinct positive damage, caused to him by the very same act of fraud. The court think this objection answered by *Warren v. Cole*, 15 Mich., 265. Both cases brought on account of this transaction are supposed to be in principle quite consistent with repudiation *for* fraud on the part of Fuller. Repossession of property which has been taken by fraud does not necessarily imply full legal satisfaction or exhaustion of remedy, and it is not entirely unworthy of notice that whether the replevin was well based, or what may be its fate, still remains to be settled. The first request for instructions by plaintiff in error was misleading. The charge given on the subject was correct.

The instruction given concerning Fuller's knowledge of the Connor mortgage before completing the trade, appears to the court fair, and more distinctly applicable to the circumstances than the form of the request on the same subject.

The exception that the charge should have instructed the jury that the amount of the mortgage was the proper measure of damages is of course not a tenable one for plaintiff in error, since the recovery against him is only four-sevenths of that amount. If error was committed it was not to his prejudice. The exception to a remark by the judge in reference to the fact that the mortgage from Lenox to Fuller was not accompanied by a note,

has no force.   Whatever its influence, if any, it was not adverse.

No error being shown of which Lenox may complain, the judgment must be affirmed with costs.

The other Justices concurred.