*E. F. ASHE v. J. T. GRAY.

*Jurisdiction—Action for Deceit.*

An action for deceit and false warranty in the sale of a horse is cognizable in the superior court, though the damages claimed amount only to fifty dollars.

(*Scott* v. *Brown*, 3 Jones, 541; *Bullinger* v. *Marshall*, 70 N. C., 520; *Froelich* v. *Express Co.*, 67 N. C., 1, cited and approved).

CIVIL ACTION tried at Fall Term, 1882, of ANSON Superior Court, before *Gilmer, J.*

The plaintiff appealed.

*Messrs. J. A. Lockhart* and *Hinsdale & Devereux*, for plaintiff.
*Messrs. J. D. Shaw* and *Little & Parsons*, for defendant.

SMITH, C. J. The plaintiff's complaint pursues the form of a declaration in the old practice, and contains causes of action

---

*Mr. Justice ASHE did not sit upon the hearing of this case.

for deceit and fraudulent representation, associated with a cause of action for a false warranty in an exchange of horses with the defendant. It is alleged that the defendant both represented and warranted the horse sold to the plaintiff to be gentle and kind in harness, and not addicted to the vicious habit of kicking, well knowing at the time the fact to be otherwise, and as the plaintiff found out in using him.

For this fraud and deceit and breach of warranty the plaintiff brought his suit in the superior court for the recovery of damages in the sum of fifty dollars.

The defendant denies making any warranty, and says, while he does not recollect if he described the horse as kind in harness, he had no knowledge of any vicious habits possessed by him, and if he showed any such and kicked when driven, it was from mismanagement and want of care in the person who drove.

Issues were accordingly submitted to the jury, which, with the response to each, are as follows:

1. Did the defendant warrant the horse not to kick? Ans.— Yes.

2. What damage, if any, has the plaintiff sustained? Ans.— $50 and interest from the time of bringing suit.

3. Did the plaintiff, by his own conduct, contribute to his damage? Ans.—No.

Upon the rendition of the verdict, the court being of opinion that the action was founded on contract, and was exclusively within the original cognizance of a justice of. the peace, refused to give judgment for the plaintiff, and dismissed the action, from which ruling the plaintiff appeals.

In *Scott* v. *Brown*, 3 Jones, 541, the action was for deceit in the sale of a jackass, and NASH, C. J., distinguishing between the classes of actions which arise *ex contractu* and *ex delicto*, assigns an intermediate place to this, and denominates it "an action *quasi ex contractu*," in which the defendant may, as in those of the first mentioned class, take advantage of the non-joinder of one, who as a party to the contract ought to be under the rules

of pleading a co-plaintiff under the general issue at the trial, as if it were strictly an action *ex contractu.*

Again, in *Froelich* v. *South. Ex. Co.*, 67 N. C., 1, where the plaintiff sought, in an action for a tort in not conveying and delivering at Hartford, in Connecticut, a barrel of wine, valued at $160, a recovery in damages, it was held, that inasmuch as the tort resulted from the relations created by the contract to convey the wine, it stood upon the footing of an action founded on the contract of bailment, and, under the constitution, fell under the jurisdiction of a justice.

But the deceit practiced in connection with the sale, and inseparable from it, the gist of the present action, does not grow out of relations created by contract, but forms a distinct and independent cause of action, and, therefore, as in other torts, is cognizable in the superior court. This is expressly decided in *Bullinger* v. *Marshall*, 70 N. C., 520, an action for deceit in the sale of a mule, in which a nonsuit had been moved in the superior court for want of jurisdiction, as the damages were put at only one hundred dollars. Delivering the opinion, the Chief-Justice remarks: "So if there be a warranty of soundness in the sale of a horse, the vendee may sue upon the contract of warranty, and the justice of the peace has jurisdiction, or may declare in tort for a false warranty and add a count in deceit, in which case a justice of the peace has not jurisdiction, the plaintiff being permitted to declare collaterally in tort for a false warranty in order to enable him to give in a count for the deceit, which, of course, was in tort." He announces, as the result of the inquiry, that the jurisdiction of a justice does not extend to any matter collateral, although it grew out of the contract, for in such case the action is not "*founded on contract*" in the sense of the constitution, which defines the jurisdiction.

If the issues and the responses of the jury were commensurate with the case made in the complaint, and covered all the causes of action therein contained, we should concur in the ruling that the superior court had not jurisdiction, for the claim to a recov-

ery would rest wholly on the contract of warranty. But the complaint is for a tort, to which is annexed a cause of action, based on a false warranty according to the former usage and practice, which did not change the character of the action as still one *ex delicto*, for the reason, perhaps, that a false warranty was also a false representation, and partook of the nature of a deceit. We are not disposed to adopt a more stringent rule in our present pleadings, and we should hold that such a joinder of causes of action would not be subject to demurrer under C. C. P., § 95.

It is plain that in a suit upon a violated contract, or for goods sold and delivered, or services rendered at no specific sum agreed on therefor, where the damages are laid in the complaint above, and are reduced by the verdict below, the sum which determines the jurisdiction, the action cannot be dismissed, because it is the sum demanded and not the sum awarded which controls, by the very words of the constitution. The jurisdiction fully appears in the complaint, and it would be strange if it were lost, because the finding is upon allegations which separately might not admit of the suit.

We think, that whatever independent cause of action can be associated with other causes of action in the same complaint, the rendering of the verdict upon that warrants the rendering the appropriate judgment, and does not oust the acquired jurisdiction. As it attached in the beginning, so it adheres to the ultimate disposition of the cause and the controversy.

There is error, and judgment will be here entered upon the verdict.

Error.                                    Reversed.