*E. F. ASHE v. J. T. GRAY.

*Jurisdiction—Action for deceit and false warranty.*

1. The former ruling in this case (88 N. C., 190), to the effect that an action for deceit and false warranty in the sale of a horse, is cognizable in the superior court, though the damages claimed amount only to fifty dollars, is affirmed.

2. *Held further:* Although some of the articles in the complaint show that the plaintiff's claim rests in contract, yet taken in connection with the others and considering the complaint as an entirety, it sets out a cause of action *ex delicto.*

3. Where a complaint contains a cause of action of which the court has not, and others of which it has jurisdiction, the court will disregard the former and proceed to try the latter.

(*Watson* v. *Dodd,* 72 N. C., 240; *Hicks* v. *Skinner, Ib.,* 1; *Haywood* v. *Daves,* 81 N. C., 8; *Lewis* v. *Rountree, Ib.,* 20; *Devereux* v. *Devereux, Ib.,* 12; *Mizell* v. *Simmons,* 82 N. C., 1; *Lassiter* v. *Ward,* 11 Ired., 443; *Blanton* v. *Wall,* 4 Jones, 532; *Chamberlain* v. *Robertson,* 7 Jones, 12; *Street* v. *Tuck,* 84 N. C., 605; *Finch* v. *Baskerville,* 85 N. C., 205, cited and approved).

PETITION to rehear filed by defendant and heard at February Term, 1884, of THE SUPREME. COURT.

The decision in this case, as reported in 88 N. C., 190, was that an action for deceit and false warranty in the sale of a horse, is cognizable in the superior court, though the damages claimed amount only to fifty dollars. The defendant asks that the ruling be reversed, and states in his petition to rehear:

1. The complaint and answer show that plaintiff did not sue for deceit and fraudulent representations, associated with a cause of action for a false warranty, but that the first and second articles of the complaint are allegations of a contract of warranty, for the breach of which damages are laid at fifty dollars; and the third and fifth articles of the complaint set out a cause

---

*Mr. Justice ASHE being a relation of the plaintiff, did not sit on the hearing of this case.

of action for deceit and false warranty. The plaintiff, in his prayer for judgment, treats these articles as separate causes of action.

2. The court erred in holding that the deceit practiced, in connection with the sale and inseparable from it, was the gist of the action. The only issues asked by plaintiff were as to the contract of warranty and damages, notwithstanding all the allegations in the complaint as to deceit and false warranty were expressly denied in the answer, and they must therefore be deemed to have been abandoned (*Tayloe* v. *Steamship Co.*, 88 N. C., on page 17), leaving the cause of action on the contract— damages fifty dollars—and ousting the jurisdiction of the superior court.

3. The court erred in holding that the averments in the complaint determined the jurisdiction. If it be true that the "sum demanded" and not the "amount in dispute" controls the jurisdiction, it does not follow that, because a plaintiff joins a tort with contract (which is less than $200) the superior court necessarily has jurisdiction.

*Messrs. J. A. Lockhart* and *Hinsdale & Devereux*, for plaintiff.
*Mr. J. D. Shaw*, for defendant.

SMITH, C. J.   "The weightiest considerations make it the duty of the court to adhere to its decisions. No case ought to be heard upon petition to rehear unless it was decided hastily, and some material point was overlooked, or some direct authority not called to the attention of the court."

This language of the late Chief-Justice, found in the opinion in *Watson* v. *Dodd*, 72 N. C., 240, is almost in the very words reiterated by different members of the court in *Hicks* v. *Skinner*, at the same term; *Lewis* v. *Rountree*, 81 N. C., 20; *Haywood* v. *Daves, Ib.*, 8; *Devereux* v. *Devereux, Ib.*, 12; and *Mizell* v. *Simmons,* 82 N. C., 1. The rule is a safe and salutary rule, sufficient to

admit of the prompt correction of errors in law, and securing consistency and uniformity in its established principles.

We have not had our attention directed upon this rehearing to any overlooked adjudication or authority upon the point wherein lies the alleged erroneous ruling in law, but the argument invites us to reconsider the complaint and put upon it and the results of the verdict a different construction from that before given.

Upon a re-examination of the complaint, we adhere to the opinion, that while the first three articles, separated from what follows, will admit of an interpretation that the claim rests in contract, yet, considered in connection with the context and the complaint as an entirety, it is manifestly intended to set forth a cause or causes of action *ex delicto*, combining a cause of action *upon a false warrant*, which dispenses with a *scienter*, with one upon false and fraudulent representations in which a *scienter* must be alleged and shown.

The gist of the complaint upon the false warranty being in the *inducement* which led to the making of the contract and not in the violation of the contract itself, the fifth article concludes with the averment that "by the said false, fraudulent, and deceitful representation, *and by the false warranty of the defendant*, the plaintiff was induced to exchange horses with the defendant."

The vicious propensities of the horse seem to have been conceded, as no issue upon this matter was submitted; and the sole controversy was as to the making the warranty, the alleged mismanagement of the horse by the plaintiff in the development of the vicious traits, and in contributing to his damages, and their measure.

These responses are as appropriate to the cause of action based upon a *false warranty*, as to a cause of action founded on a contract broken.

We add to the cases cited in the former opinion, and in corroboration, the following: *Lassiter* v. *Ward*, 11 Ired., 443;

*Blanton* v. *Wall*, 4 Jones, 532; *Chamberlain* v. *Robertson*, 7 Jones, 12; *Williamson* v. *Allison*, 2 East, 446.

The presence in the complaint of a cause of action whereof the court has not, with those whereof the court can take cognizance, cannot defeat the exercise of jurisdiction over the latter, and may be disregarded. Indeed, on demurrer, the effect of misjoinder is to separate the causes of action, not to put an end to the suit. *Street* v. *Tuck*, 84 N. C., 605; *Finch* v. *Baskerville*, 85 N. C., 205; C. C. P., § 131.

The complaint being for a tort, sustains the jurisdiction, though the charge of a *guilty knowledge* of the falsity of the representations which influenced the plaintiff in making the contract of exchange, may not have been proved, and for the want of which no issue was asked to be made up.

We therefore affirm the judgment and deny the application of the defendant at his costs.

No error.                                    Affirmed.