L. L. LUNN v. PERRY SHERMER.

*Deceit—False Representations—Defects, latent and patent—*
*Demurrer—Answer—Warranty—Damages,*
*measure of—Parties.*

1. A defect of parties apparent on the face of the complaint must be taken advantage of by demurrer; when it is not so apparent, it should be averred in the answer; and if it is not presented in one or the other of these methods it will be deemed to have been waived. The Code, §§239, 241, 242.

2. Fraud or deceit in the sale of personal property may be perpetrated either by *false representations*, or by *concealment* of unsoundness.

3. To constitute a good cause of action for *false representations*, three elements must co-exist: (1) the falsity of the representation, (2) the knowledge of the maker of its falsity, and (3) that the false representation induced the purchaser to buy.

4. But when the action is based on the *concealment* of unsoundness, the defect must be *latent*, for if it is such as may be discovered by the exercise of ordinary diligence, mere silence on the part of the vendor is not sufficient to establish deceit, although he knew of the unsoundness ; *Therefore,*

5. Where the vendor of a mule represented that it was "sound so far as he knew," and the jury found that the mule was affected by a latent disease, · and the vendor knew or had good reason to believe this fact ; *Held,* the plaintiff was entitled to recover, both upon the ground of deceit practiced in the *concealment* of the defect, and false representations.

6. The measure of damages in such cases is the difference between the value of the article at the time of the sale, if sound, and its value, if unsound, at that time ; and it can make no difference what disposition the purchaser made of it afterward.

7. There are cases in which it is competent to show the price for which the vendee sold the unsound article, but this is only for the purpose of aiding the jury in assessing damages.

(*Houston* v. *Starnes*, 12 Ired., 313 ; *Ferebee* v. *Gordon*, 13 Ired., 350 ; *Brown* v. *Gray*, 6 Jones, 103, cited and approved).

This was a CIVIL ACTION, tried before *McKoy, J.*, and a jury, at the Spring Term, 1885, of ROWAN Superior Court.

The plaintiff in his complaint alleged that he purchased a mule from the defendant on the ..... day of August, 1882, and the defendant falsely and fraudulently represented to him that the said mule was sound as far as he knew, and that he was thereby induced to purchase for the sum of one hundred and seventy-five dollars.

That the said representations were false, in that the mule was then diseased with "farcy," or some other incurable disease, and the defendant well knew that fact at the time of the sale.

The defendant in answer to the complaint admitted that he sold the mule to the plaintiff and told plaintiff at the time that the mule was sound as far as he knew, but denied all the other allegations of the complaint.

The following issues were submitted to the jury:

1. Was the mule sold by defendant to plaintiff unsound at the time of sale?

2. Did the defendant represent the mule to be sound as far as he knew?

3. Did he at the time know or have good reason to believe that the said mule was not sound?

4. How much damage is plaintiff entitled to receive for the unsoundness of said mule?

Defendant excepted to third issue, and offered the following issue:

" If not sound at the time of the sale, did the defendant know of his unsoundness and falsely and fraudulently represent him to be sound, with the intent to induce the plaintiff to buy ?"

The Court declined to insert the issue ; defendant excepted.

On the trial, L. L. Lunn, plaintiff, testified that he bought the mule from defendant at one hundred and seventy-five dollars ; that defendant only knew the plaintiff in the trade; that he bought the mule with the money of Payne, Lunn & Co., manufacturers of tobacco at Salisbury ; that the firm had a contract to deliver certain mules to a party in Charleston, S. C.; that he exchanged the mule bought from the defendant with his father, B. F. Lunn, and the mule he got from his father was delivered, with four others, in Charleston, S. C., at eight hundred and fifty dollars for the five mules, and mule he got from B. F. Lunn was the best in the lot; that he did not warrant the mule to his father, but told him Shermer, the defendant, said the mule was sound ; the unsoundness appeared two or three weeks after B. F. Lunn got the mule ; B. F. Lunn had never threatened him with suit, but that his father was claiming damages on account of the unsoundness of the mule.

The defendant's counsel objected to the plaintiff's recovering upon his own testimony, in his own name, as the trade was made with the firm of Payne, Lunn & Co., and on the firm account.

The court held that, from the face of the pleadings, no such question was raised; that the Court would permit them to amend their answer so as to raise the question. Defendant declined to amend. Defendant asked the Court to charge the jury

that plaintiff could not recover damages as, according to his own evidence, he had sustained no loss. The Court, leaving that question to the jury, charged them: That the measure of damages was the difference between the value of the mule at the time of the purchase, if sound, and the value of the mule if diseased at that time, to which charge defendant excepted.

The jury responded in the affirmative to each of the three first issues, and on the fourth issue, assessed the plaintiff's damages at one hundred and seventy-five dollars. There was judgment in behalf of the plaintiff, for the amount of damages assessed by the jury, and the defendant appealed.

*Mr. Charles Price*, for the plaintiff.
*Mr. Armistead Jones*, for the defendant.

ASHE, J. (after stating the case as above). That the Judge refused to charge the jury that the plaintiff could not recover in his own name was made a ground of exception, because the purchase of the mule was made with the money of Payne, Lunn & Co., and on the firm's account. In this there was no error. The complaint expressly alleges, and the answer expressly admits, that the mule was sold to plaintiff by defendant.

A defect of parties is a good ground of demurrer when the defect appears upon the face of the complaint. The Code, §239, sub-sec. 4. And "when the matter alleged as ground of demurrer does not appear on the face of the complaint, the objection may be taken by answer." *Ibid.*, §241. But "if no such objection be taken, whether by demurrer or answer, the defendant shall be deemed to have waived the same. *Ibid.*, §242.

The alleged defect of parties here did not appear on the face of the complaint. The defendant, therefore, could not demur; nor did he raise an objection to the complaint for that defect, in his answer, but in fact admitted it; consequently he is deemed to have waived the objection, and the plaintiff, for all the purposes of the action, must be considered as the real party in interest.

The defendant excepted to the third issue, and offered as a substitute the following, to-wit: "If not sound at the time of the sale, did the defendant know of the unsoundness, and falsely and fraudulently represent him to be sound, with the intent to induce the plaintiff to buy?" We think there was no error in declining to submit the issue.

The issues submitted to the jury were such as were legitimately raised by the pleadings, and such as entitled the plaintiff upon a finding in the affirmative to recover such damages as he may show he has sustained.

Fraud or deceit in the sale of a personal article may be perpetrated either by false representations or by a concealment of unsoundness in the article. When the action is brought for a deceit by false representation, three circumstances must combine: 1st, that the representation was false; 2d, the party making it knew it was false; and 3rd, that it was the false representation which induced the contracting party to purchase. Broome Com., 348. But when there are no representations made by the vendor, a deceit may equally be practiced by his silence, but in such cases an important distinction must be observed. For whether a cause of action for deceit will arise from mere silence and a knowledge of the defects in the article sold, will depend upon the fact whether the defect is patent or latent. In *Brown* v. *Gray*, 6 Jones, 103, the distinction is thus stated: "When the unsoundness is patent, that is, such as may be discovered by the exercise of ordinary diligence, mere silence on the part of the vendor is not sufficient to establish the deceit, although he knows of the unsoundness, because *the thing speaks for itself*, and it is the folly of the purchaser not to attend to it." But "when the unsoundness is latent, that is, such as cannot be discovered by the exercise of ordinary diligence, mere silence on the part of the vendor is sufficient to establish the deceit," provided he knows of the unsoundness.

In this case it is not stated whether the disease of the horse is latent or patent, but as it is alleged that the horse had "farcy,"

or some other disease, we take it that it was a latent disorder, as there was no proof offered on the part of the defendant that the unsoundness was a patent defect and no error assigned in that particular. *Brown* v. *Jones, supra.*

Upon this authority, the finding of the jury on the first and third issues would have been sufficient to show the deceit and entitle the plaintiff to a judgment thereon; for the finding on them established the facts that the mule was unsound at the time of the sale and that the defendant knew it. This was all that the plaintiff was required to establish by his proof. Whether there was a fraudulent intent on the part of the defendant in suppressing the fact found to be within his knowledge was a question for the jury, to be inferred from the facts and circumstances of the transaction.

But the jury also found in the second issue, that the defendant represented the mule to be sound *as far as he knew.* The case of *Ferebee* v. *Gordon,* 13 Ired., 350, was a case very similar in its facts, and we think decisive of this case. There was evidence in that case tending to show the unsoundness of the negro, who was the subject of the action, at the time of the sale, and of the defendant's knowledge of the fact, and it showed also the assertion of defendant that the negro was *sound so far as he knew.* The Court held that if the statement made by the defendant as to the soundness, was false within his knowledge, he was responsible for it as a false and fraudulent representation. So it is immaterial in our case whether the fraud was practiced by a *suppressio veri* or *suggestio falsi,* he is equally responsible.

The only other exception taken by the defendant was to the refusal of his Honor to instruct the jury that the plaintiff, upon his own evidence, had sustained no loss and was entitled to no damages.

The defendant is precluded by his answer from contending that the plaintiff is not the party in interest. Therefore, he is entitled to recover such damages as may be the legal consequence of the fraud practiced upon him, which as his Honor held, was the

difference between the value of the mule at the time of the purchase, if sound, and its value, if diseased, at that time, and it can make no difference what disposition the purchaser made of the mule afterwards—whether he practiced a fraud upon some one else and got more than the actual value of the mule, or gave him away.    There are some cases where the evidence of the price obtained by the vendor has been admitted, not to establish the value of the property, but as a fact proper to be laid before the jury to *aid* them in assessing the damages.    It is a fact the party may prove, but it may or may not assist them in the assessment of the damages.    *Houston* v. *Starnes*, 12 Ired., 313.

There is no error.    The judgment of the Superior Court is therefore affirmed.

No error.                                                    .    Affirmed