W. M. HARVEY v. A. F. HAMBRIGHT et al.

*Jurisdiction—Justices of the Peace.*

1. Justices of the Peace have concurrent jurisdiction with the Superior Courts of actions for torts where the value of the property in controversy does not exceed fifty dollars.

2. Where the plaintiff paid fifty dollars to the defendant upon fraudulent representations; *Held*, that a justice of the peace had jurisdisdiction of an action for the recovery of the money.

(*Bullinger* v. *Marshall*, 70 N. C., 520; *Ashe* v. *Gray*, 88 N. C., 190, and 90 N. C., 137, and *Burneycastle* v. *Walker*, 92 N. C., 198, cited).

CIVIL ACTION, commenced before a justice of the peace in the county of CLEVELAND, and tried upon appeal in the Superior Court, before *Philips, Judge,* at the Spring Term, 1885.

The plaintiff alleges in substance that, in November, 1882, a suit was pending against him in South Carolina, instituted by J. G. Black; that while he was confined in bed by sickness, the defendant Hambright told him that he had lost his suit, but that the plaintiff therein was willing to compromise for $50, and not harrass him further, as he sympathized with him; that acting under the belief that the representations made by Hambright were true, he paid him the $50, who gave a receipt for the same, signed by James Black for J. G. Black—the said James Black professing to act for said J. G. Black.

The $50 was paid on the 10th day of November, 1882, and on the 11th of November he was informed that the suit pending in South Carolina had been decided in his favor; that by reason of his illness he had no means of informing himself of the truth of the matter till the following day, whereupon he demanded payment of the $50, which had

been so paid by him under the representations made by Hambright.

The defendant moved to dismiss the action for want of jurisdiction, which motion was allowed, and the plaintiff appealed.

*Mr. John F. Hoke,* for the plaintiff.

*Mr. W. P. Bynum* (*Messrs. Gidney & Webb* filed a brief); for the defendants.

DAVIS, J., (after stating the case). Sec. 887 of *The Code* provides that "justices of the peace shall have concurrent jurisdiction of civil actions not founded on contract, wherein the value of the property in controversy, does not exceed fifty dollars." The *property* in controversy here is the fifty dollars, which, the plaintiff alleges, he was induced to pay by the representations made by the defendant, and which were untrue, and is clearly within the section referred to.

*Bullinger* v. *Marshall,* 70 N. C., 520, cited by counsel for the defendant, was before the act of 1876–'77 (§887 of *The Code*), and is not applicable to this case, and the point in *Ashe* v. *Gray,* 88 N. C., 190, re-affirmed in 90 N. C., 137, is misapprehended. The complaint in the latter case contained causes of action for direct and fraudulent representations, associated with a cause of action for a false warranty in an exchange of horses, and laid the damages at $50. The jury found upon issues submitted, that there was a warranty, and assessed damages at $50, and the Court below refused to give judgment for the plaintiff, holding that the action was founded exclusively on contract and was cognizable only in the Court of a justice of the peace. Upon appeal, this was reversed, because the real character of the action was *ex delicto,* and the jurisdiction of the Superior Court fully appeared in the complaint.

That case is authority for the position that the Superior

Court has jurisdiction of torts *not* exceeding $50, but it does not decide, as insisted by defendant, that the justices of the peace have not *concurrent* jurisdiction in actions where the sum does not exceed $50; on the contrary, in *Barneycastle* v. *Walker*, 92 N. C., 198, it is said that prior to the act of 1876, justices of the peace had no jurisdiction in actions of tort, but since that act they have "only a *concurrent* jurisdiction with the Superior Court, when the damages claimed do not exceed fifty dollars."

Error.