The plaintiff alleged for a first cause of action — *Page 181 
1. That on _______ day of July, 1883, one Clem. Moon, with intent to deceive and defraud the plaintiff, falsely and fraudulently represented to one D. M. Morrison, who was acting as agent for and in behalf of plaintiff, that the horse which Moon then offered to sell was sound and worked well in harness.
2. That plaintiff, relying upon said representations, was thereby induced to purchase said horse, and, through his agent (Morrison), gave Moon in exchange for said horse a certain horse of the plaintiff's and five dollars in money.
3. That, at the time, Moon was the general agent for the (222) defendant Fields in selling and exchanging defendant's horses, and was such agent in the sale and exchange of said horse, which was the property of defendant.
4. That the said representations made by Moon were false, in that said horse was not a sound horse, nor one that worked well in harness, but that said horse had on his wethers a fistula, which Moon, to deceive plaintiff, fraudulently represented to be only a common saddle sore, very recently made, and said horse kicked, balked, and was, at times, ungovernable in harness, and was thereby worth greatly less than said Moon had represented.
5. That Moon well knew that said representations which he then and there made were false.
6. That afterwards, the plaintiff, relying upon said representations, attempted to use said horse, when he became ungovernable, and, without any fault of the plaintiff, ran away, greatly injuring and breaking plaintiff's vehicle, and plaintiff was put to great expense in having the vehicle repaired.
7. That by reason of the premises, the plaintiff was deceived, misled and injured to his damage one hundred and fifty dollars.
For a second cause of action, the plaintiff alleged the same facts, with the further averment that the defendant's agent falsely and fraudulently warranted the horse to be sound and would work well in harness, etc.
That, by reason of the premises, the plaintiff was misled and injured to his damage $150; wherefore, the plaintiff demands judgment for the sum of $150 and costs of this action, and for general relief.
The answer was a general denial of all the allegations of the complaint. The issues, findings of the jury, and judgment, were as follows:
1. Did Clem. Moon, agent for defendant Fields, falsely represent to one D. M. Morrison, agent for plaintiff, that the mare (223) exchanged for the horse of the plaintiff was sound and worked well in harness; and did said Morrison rely upon said representation, and was he thereby induced to make said purchase or exchange? No. *Page 182 
2. Did the defendant's agent, Clem. Moon, warrant the said mare to be sound and would work well in harness? Yes.
3. What damages, if any, is the plaintiff entitled to recover? Sixty-five dollars.
This cause coming on to be heard, upon the verdict of the jury assessing plaintiff's damages at $65, which will appear by the verdict, as recorded, it is now, on motion of plaintiff's counsel, adjudged that the plaintiff recover of the defendant the said sum of $65 and the costs of this action, from which defendant appealed, assigning as grounds:
1. That the court erred in rendering judgment for the plaintiff on the verdict.
2. That the court erred in not rendering a judgment for the defendant, on the verdict.
3. That the court erred in rendering a judgment for plaintiff, for the reason that the verdict finds that there was no tort, and that there was only a contract, and the sum demanded in complaint was less than $200, and the amount of damages ascertained by the verdict was less than $200.
It has been settled by a line of decisions in this Court, and manifestly upon mature consideration, that, where there is a warranty of soundness in the sale of (224) a horse, the vendee may declare in tort for a false warranty and add a count in deceit, or, under the new procedure, a second cause of action in the nature of deceit, and though the sum demanded be less than two hundred dollars, the action will not be deemed one founded on contract, and the Superior Court will have jurisdiction. Bullinger v.Marshall, 70 N.C. 520; Ashe v. Gray, 88 N.C. 190; ib. (rehearing),90 N.C. 137; Harvey v. Hambright, 98 N.C. 446.
Affirmed.
Cited: Bowers v. R. R., 107 N.C. 722; Fields v. Brown, 160 N.C. 300. *Page 183