E. S. BOWERS et al. v. THE RICHMOND AND DANVILLE RAIL-
ROAD COMPANY.

*Tort — Contract — Damages — Complaint — Jurisdiction — De-
mand for Judgment.*

1. A complaint alleging that the defendant, a common carrier, failed to
safely carry certain articles of freight according to contract, and
"so negligently and carelessly conducted in regard to the same
that it was greatly damaged," states facts sufficient to constitute
a tort.
2. Where the damages alleged amount to more than fifty dollars, the
Superior Court has jurisdiction.
3. A mere demand of judgment for amount of damages greater than
are alleged in the complaint will not avail to give the Superior
Court jurisdiction.

This was a CIVIL ACTION, tried at Spring Term, 1890, of
JACKSON Superior Court, before *Connor, J.*

It is alleged in substance in the complaint that five boxes
of *mica* were shipped to the plaintiffs from the city of
Boston, and that the defendant and others, common carriers,
contracted with the plaintiffs to transport the same for cer-
tain compensation, etc.; and it is further alleged—

"4. That the defendant, in compliance with the said con-
tract for hire, entered into in the said city of Boston, under-
took to carry the said five boxes of mica safely from the
town of Salisbury, North Carolina, to Sylvia, in North Car-
olina, and collected the freight for transportation due for
the entire route at said point of delivery.

"5. That the defendant did not safely carry and deliver
said five boxes of mica pursuant to the agreement afore-
said, but it so negligently and carelessly conducted in regard
to the same that the mica was greatly damaged, three boxes
being broken open and scattered, to the great damage of
the plaintiffs of one hundred and forty dollars.

107—46

"Wherefore, the plaintiffs pray judgment for the sum of $300 and the costs of this action."

The defendant in its answer denied all the material allegations of the complaint.  Thereupon, the Court gave judgment, as follows:

"It appearing from the pleadings in this cause that the Court has no jurisdiction of the action, it is ordered and adjudged, on motion of defendant's counsel, that this action be dismissed at the cost of the plaintiffs."

The plaintiffs excepted, and appealed.

*George A. Jones* (by brief), for plaintiffs.
*F. H. Busbee* and *Charles Price,* for defendant.

MERRIMON, C. J.—after stating the case: It is settled that under the present method of civil procedure when the breach of a contract involves a tort, the complaining party may waive the contract and sue for and recover damages for the tortious injury.  In such case, if the damages alleged in good faith are fifty dollars or less the court of a Justice of the Peace will have jurisdiction; if for that or a greater sum the Superior Court will have jurisdiction.  *Bullinger* v. *Marshall,* 70 N. C., 520; *Ashe* v. *Gray,* 88 N. C, 190; *Noville* v. *Dew,* 94 N. C, 43; *Harvey* v. *Hambright,* 98 N. C., 446; *Edwards* v. *Cowper,* 99 N. C., 421; *Long* v. *Fields,* 104 N. C., 221.

In this case the plaintiffs might have sued for a simple breach of the contract, and if they had done so the Superior Court would not have original jurisdiction, because the damage alleged was but one hundred and forty dollars, a demand within the jurisdiction of the court of a Justice of the Peace.  The mere demand for three hundred dollars could not give the Superior Court jurisdiction, because, manifestly, such demand would not be made in good faith,

but simply to apparently give the Court jurisdiction, and the Court ought to dismiss the action.

We think, however, that it appears sufficiently from the face of the complaint that the plaintiffs allege, not simply a breach of contract, but a tort—a tortious injury—and damages occasioned thereby exceeding fifty dollars, so that the Court had jurisdiction. A breach of the contract is alleged in general terms, but it is further alleged, particularly and specifically, that the defendant "so negligently and carelessly conducted in regard to the same that the said *mica* was greatly damaged, three boxes being broken open and scattered, to the great damage of the plaintiffs one hundred and forty dollars." Obviously, these words were intended to allege more than a simple breach of the contract—a tort—tortious injury. Granting that more appropriate terms for such purpose might have been employed, still the Court can see the purpose informally expressed, and, as it can, the pleading should be upheld and the jurisdiction sustained. As we have seen, the plaintiff might sue for the tort, and it sufficiently appears that he intends to and does so.

The defendant's counsel cited and relied upon *Winslow* v. *Weith*, 66 N. C., 432; *Froelich* v. *Express Co.*, 67 N. C., 1, and *Hannah* v. *Railroad*, 87 N. C., 351. In the first of these cases the Court expressly founds its opinion, of but a few lines, upon the ground that the cause of action is a breach of contract. The decision of the Court in the second case is put upon the like ground. In the third case the action was disposed of upon a different ground, the late Chief Justice saying, *obiter*, of the alleged cause of action, that "if treated as an action for a *violated contract of carriage merely*, the claim asserted in the complaint would be solely within a Justice's jurisdiction, an obstacle equally fatal to the recovery," citing *Froelich* v. *Express Co.*, *supra*.

In cases like that under consideration, when the plaintiff intends to sue in tort the distinctive tortious cause of action

should be alleged in terms that clearly show the purpose. This is necessary, to the end the Court may see that it, and not the court of a Justice of the Peace, has jurisdiction.

There is error. The Court should have denied the motion to dismiss the action. To the end that the judgment may be reversed and the action disposed of according to law, let this opinion be certified to the Superior Court. It is so ordered.              Error.