BOYD v. ROANOKE RAILROAD & LUMBER CO.

(Filed March 24, 1903.)

JURISDICTION — *Amendments* — *Pleadings* — *Verdict* — *Superior Court* — *Courts.*

> Where a complaint does not state the sum demanded and a verdict is rendered for less than $200, the trial court may allow the complaint to be amended after verdict so as to make the claim more than $200, and the superior court has jurisdiction if the claim was made in good faith.

ACTION by S. W. Boyd against the Roanoke Railroad & Lumber Company, heard by Judge *George A. Jones* and a jury, at February Term, 1902, of the Superior Court of BEAUFORT County.   From a judgment for the plaintiff the defendant appealed.

*Chas. F. Warren* and *B. B. Nicholson,* for the plaintiff.
*Rodman & Rodman* and *Small & McLean,* for the defendant.

Boyd v. Roanoke Railroad & Lumber Co.

WALKER, J.   This action was brought to recover the contract price of certain timber which the plaintiff sold and delivered to the defendant by deed set out in the record. It was provided in the deed that the defendant should cut one hundred thousand feet of the timber for which $100.00 should be paid, and that for all timber thereafter cut upon the land the defendant should pay $1.00 for each and every one thousand feet cut by it.   The defendant cut the one hundred thousand feet of timber and paid the stipulated price therefor, and the plaintiff now sues for the price of the timber cut by the defendant in excess of one hundred thousand feet.   In the complaint, the plaintiff does not ask for the recovery of any specific sum of money, but demands judgment that the defendant be required to account to him for all timber cut from the land in excess of one hundred thousand feet and that defendant be required to pay the amount due therefor according to the contract and that an account be taken to ascertain the amount so due by the defendant.

The plaintiff introduced in evidence a statement which he received from the defendant before the suit was brought and from which it appears that 250,695 feet of timber had been cut by the defendant from the land in excess of the one hundred thousand feet for which the plaintiff had been paid, but some of the items of this account were disputed, as there was a controversy about the ownership of the land.   There was a second cutting of timber on this land, after this suit was commenced, which amounted to 48,591 feet, and the plaintiff insisted in the court below that he was entitled to recover for all timber cut to the date of the trial.

After all of the evidence was in and the plaintiff's counsel had opened his argument, the counsel of the respective parties entered into an agreement to the effect that, if the plaintiff was entitled to recover at all, the amount of the verdict

should be $178.25, that being the amount due for all timber cut prior to the bringing of this action, the right of the plaintiff to recover even that amount depending upon the location of what is known in the case as the "Jackson grant."

The jury returned a verdict for $178.25 and the defendant thereupon moved to dismiss the action for want of jurisdiction. This motion was denied, and the plaintiff moved to be allowed to amend his complaint so as to claim $225.00. This motion was granted and the plaintiff was allowed to amend his complaint accordingly. The defendant excepted and now insists that the court did not have the power to allow the amendment to be made and that the action should have been dismissed for want of jurisdiction.

If the court found as a fact, and we must assume that it did, that this suit was brought in good faith to recover an amount in excess of $200.00 it had the power to allow the amendment so as to show what was the sum originally claimed. The aggregate sum demanded in good faith is the test of jurisdiction, and if the plaintiff claimed more than $200.00 the fact that he failed in his proof to establish all of his claim did not oust the jurisdiction of the court. The plaintiff may claim a sum sufficient to give the court jurisdiction and a part of his claim may be based upon an erroneous principle of law, and for this reason he may fail to recover that part, and the total recovery may therefore fall short of the jurisdictional amount, but the court will still have jurisdiction of the case and may award judgment for the smaller sum, provided it appears that the right to recover the larger amount was asserted in good faith.

Upon an examination of the pleadings and evidence in this case, we are satisfied that the plaintiff intended in good faith to claim more than $200.00 and the amendment therefore was properly allowed, not for the purpose of conferring jurisdiction but of showing that the court had jurisdiction of the

action when it was commenced. The mere fact that the plaintiff had recovered less than $200.00 by reason of the failure of proof, or because he was mistaken as to the extent of the recovery to which he was entitled, could make no difference even though he agreed with the defendant as to what the amount of the judgment should be in the event of a recovery, provided his original demand for judgment was made in good faith, or it can be gathered from the facts of the case that he was claiming a sum sufficient to give the court jurisdiction. *Sloan v. Railroad,* 126 N. C., 487.

In their brief, the defendant's counsel did not mention the exception in regard to the evidence of J. H. Latham, and we infer that it is abandoned. We are of opinion though that the ruling of the court in respect thereto was correct.

No Error.