T. T. WHITMIRE *v.* J. N. HEATH, ADMINISTRATOR.

(Filed 24 May, 1911.)

1. Vendor and Vendee — Deceit — False Representations—Fraud— Evidence Sufficient.

In defense of an action upon a note given for the purchase price of a horse, the defendant alleged that at the time of the sale the plaintiff made false and fraudulent representations as to the age, qualities and condition of the horse, and introduced evidence tending to show that the horse had glanders, that it was greatly weakened by disease and became worthless, while it had been represented as sound and in good condition, excepting a very slight distemper. *Held,* that the evidence was sufficient upon the questions of false warranty and deceit.

2. Same.

In an action for false warranty and deceit in the sale of a horse, it was *held,* that, in connection with other evidence tending to sustain the allegations, a letter from the vendor to the vendee, in reply to one from the latter, stating that the vendor had "a black horse seven years old, a little thin, but mending fast," which he would sell, but that he preferred the vendee to "come and look at him" before he would make a price, was relevant evidence to be considered by the jury upon the question whether there was a representation as to the age and qualities of the horse, and, if so, whether it was false and fraudulent.

APPEAL by defendant from *Justice, J.,* at the Spring Term, 1910, of TRANSYLVANIA.

*George A. Shuford for plaintiff.*
*W. W. Zachary for defendant.*

WALKER, J.   This action was brought to recover the amount
of certain notes given to the defendant for the price of a horse
and other articles of personal property, and secured by a mort-
gage upon the property sold.   The defendant, in his answer,
alleged that the plaintiff, at the time he sold the horse to him,
had made false, fraudulent and deceitful representations as to
his age and qualities, stating that the horse was seven years old,
when he was much older, and that he was sound and in good
condition, except that he had distemper, but was better, though
he still had a little of it.   There was evidence for the defendant
that the horse had a bad case of glanders, his nose sloughed,
lumps appeared on him, and at times the odor emitted from his
body and nose was very offensive.   He was also lame and was
gradually weakened by his disease, so that he became worthless.
Without entering more into particulars, we may safely say that
there was sufficient evidence to show the falsity of the warranty
and the deceit, provided the plaintiff made the alleged repre-
sentations, and the case turns upon the sufficiency of the evidence
to establish this fact.   The defendant introduced the written
"recommendation" of the horse by the plaintiff, which was given
to A. N. Heath, dated 26 May, 1910, at the time of the sale, and
which reads as follows:

"I have owned the horse six months.   He has been at home
during that time about four weeks.   He has had the distemper
during that time, and appears to have it a little yet.   As to his
eyes, they are good, so far as I know.   His working qualities are
good, and if wind-broken he has never shown it in the least; and
if affected with any internal disease I do not know it.   I bought
the horse from Hawe Galloway, and he recommended him to be
sound, except the distemper.

"T. W. WHITMIRE.

"Witness: D. L. English."

Defendant then introduced a postal card, mailed to A. N.
Heath by the plaintiff, of which the following is a copy:

"BREVARD, 25 MAY, 1905.

"Dear Sir: Your card received. Will say in reply that I have a black horse 7 years old, a little thin, but mending fast. I would sell, but you will have to come and look at him before I would make a price.        T. W. WHITMIRE."

The court, upon objection by the plaintiff, excluded the card, and defendant excepted. The original defendant, A. N. Heath, having died, the present defendant, J. N. Heath, his father and administrator, was made a defendant. The execution of the notes being admitted, the court held that the defense had not been made out by the evidence, and gave judgment for the plaintiff. Defendant appealed.

The defendant proposed to .prove by a witness what A. N. Heath had testified at a former trial of the case, which was excluded by the court, and exception again taken. It did not appear what he expected to prove by this witness was said by A. N. Heath—that is, the nature or substance of the evidence—so that the court could see that it was relevant to the case, and for this reason the ruling was proper. A court can never pass intelligently upon evidence unless it knows what the evidence is, in order that its bearing upon the issue may be determined. The defendant should have stated what he intended to prove was said by A. N. Heath, otherwise the evidence should be excluded, not because it is incompetent, but because it cannot be seen to be competent. The court must judge of its materiality—not the witness. This is the settled rule, and is also the "rule of reason." *Overman v. Coble,* 35 N. C., 1; *S. v. Pierce,* 91 N. C., 606. Besides, a witness cannot testify to what another witness, the deceased, said at a former trial, unless he can state the substance of all his testimony. *Buie v. Carver,* 73 N. C., 264; *Paine v. Roberts,* 82 N. C., 451.

But we think the court erred in holding that there was no evidence of the representation. There was also error in excluding the postal, and we must consider the case as if it were a part of the evidence. It is perfectly manifest that what the plaintiff intended, by the written ."recommendation" and the postal, the defendant should believe, was that the horse was in good condi-

tion, excepting a slight attack of distemper, and in the postal he stated that he was seven years old (which was untrue), and "a little thin, but mending fast," implying that otherwise he was sound. If these statements were knowingly false and misled the defendant, to his prejudice, they were such fraudulent representations as constituted actionable deceit. The three constituent elements of a deceit by false representation are: 1. The representation must be false. 2. The party making it must know that it is false, commonly called the *scienter*. 3. It must have misled the other party and induced him to contract upon the faith of the representation as true. *Lunn v. Shermer,* 93 N. C., 164; *Ferebee v. Gordon,* 35 N. C., 350; *Ashe v. Gray,* 88 N. C., 190 (*s. c.,* on rehearing, 90 N. C., 137); *Black v. Black,* 110 N. C., 398; *Unitype Co. v. Ashcraft,* at this term. There was evidence of a false and fraudulent representation. The jury might well have inferred from all the facts and circumstances that the plaintiff made a representation as to the age and qualities of the horse which he knew to be false and which was calculated to mislead and did actually deceive A. N. Heath, the purchaser. We do not mean to say that the evidence is conclusive or even strong against the plaintiff, but merely that there is some evidence. The jury must pass upon its weight. They may find that the plaintiff did not know the condition of the horse, but acted honestly throughout the transaction and without any intent to deceive, or that he did not make any false representation.

New Trial.