W. M. FIELDS v. W. G. BROWN AND G. C. GRAVES.

(Filed 23 October, 1912.)

1. **Fraud—Deceit—Pleadings—Parties—Possession—Claim to Property.**

In an action to recover possession of a mule taken in exchange for a horse, and for damages for deceit and false warranty as to the horse, a demurrer of a codefendant on the ground that his name appeared only in the title, without allegation as to him, should not be sustained when it is alleged in the complaint that the defendants were in joint possession of the mule, and appeared that both had replevied the mule, and given the bond required by statute, it being evidence against the party demurring, not only as to his possession, but as to his claim to the property.

2. **Fraud — Deceit — Contract — Election — Affirmance—Damages—Procedure.**

One who has fraudulently been induced to enter into a contract may elect to repudiate the contract and recover back what he may have received under it, and recover what he may have parted with, or its value; or he may affirm the contract, keeping whatever property or advantage he may have derived under it, and recover in an action of deceit the damages caused him by the fraud.

3. **Same—Equity—Rescission.**

While, as a rule, a party to a contract induced by fraud may not elect to rescind it and recover damages for the fraud, the rule is based upon a perfect rescission of the contract, where the defrauded party has sustained no damages except those he may have actually paid thereunder; and it has no application where he may not thus be placed in *statu quo*, as where he has suffered damages which the rescission and the damages based thereon cannot repair.

4. **Fraud — Deceit—Contract—Replevin—Consistent Causes of Action.**

An action for deceit in the making of false representations inducing plaintiff to exchange a mule with defendant for a horse is not necessarily inconsistent with a previous replevin to recover the mule.

5. **Fraud — Deceit — Contracts—Damages—Right of Action—Conditions Precedent.**

In an action for deceit in the making of false representations inducing the plaintiff to exchange a mule for defendant's horse,

the plaintiff may enforce his rights under the contract and at the same time maintain his action for deceit, without offering to return the benefits he may have received under the contract, as a condition precedent.

6. Fraud — Deceit — Tort—Waiver—Damages—Implied Promise to Pay.

In an action of deceit, in making false representations which induced the plaintiff to exchange his mule for defendant's horse, the plaintiff may waive the tort and recover his damages as for money had and received upon an implied promise of the defendant to pay it.

7. Fraud—Deceit—Scienter—Evidence.

In an action of deceit in making false representations which induced the plaintiff to exchange his mule for defendant's horse, there was evidence tending to show that the defendant made the false representations that the horse was sound of body and limb, without defect, and was gentle, safe, and was an "all-round" good horse, suitable to the plaintiff's needs, etc., which were calculated, intended to, and did deceive: *Held*, the evidence is sufficient to prove the defendant's *scienter*.

8. Courts — Jurisdiction — Pleadings—Damages Alleged—Part Recovery.

When the complaint states a cause of action for deceit and false warranty, alleged in good faith, in such sum as will confer jurisdiction upon the Superior Court, that court does not lose its jurisdiction thus acquired by failure of the plaintiff to prove the damages alleged in its entirety; and, *Held*, in this case, that if the lower court was correct in holding that no damages for deceit in the sale of a horse could be recovered, yet the recovery upon the warranty alone in a sum less than that necessary to be alleged to confer jurisdiction would not oust the jurisdiction acquired by the court.

APPEAL by plaintiff from *Justice, J.,* at May Term, 1912, of MOORE.

The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Walker.*

*McIver & Williams and W. R. Clegg for plaintiff.*
*G. W. McNeill and U. L. Spence for defendant.*

WALKER, J. Plaintiff brought this action to recover possession of a bay mare mule, named Nell, which he exchanged with the defendant for a bay mare, and for damages for deceit

and false warranty. It was alleged in the complaint that defendant Brown, who was the owner of the bay mare at the time of the exchange, falsely represented to plaintiff that the mare was sound, in good condition, and possessed of fine qualities, and, particularly, that she was (1) sound of body and limb in every particular; (2) was without defect in every respect; (3) that she would work anywhere she was hitched— to wagon, plow, buggy, or elsewhere; (4) that she was gentle and safe for ladies and children to drive; (5) that she was an all-round good horse, suitable in all particulars for the needs of the plaintiff on the farm. That the representations were false, intended to deceive, and did deceive the plaintiff, and induced him, with other promissory representations, to make the trade. There was also a count for false warranty, upon the same grounds.

Defendant G. C. Graves demurred because there were no allegations as to him in the complaint and his name was not mentioned, as he avers, except in the title of the case. The demurrer was sustained, and we think erroneously so. There was an allegation that Graves and Brown were in joint possession of the mule, and while this is denied in the answer, it must be taken as true upon demurrer. If Graves was in possession with Brown, plaintiff properly joined him in this action for the recovery of the property. *Haughton v. Newberry,* 69 N. C., 456; *Webb v. Taylor,* 80 N. C., 305; *Bowen v. King,* 146 N. C., 385. Besides, Graves replevied the property with Brown, both giving bond with Mr. George W. McNeill as surety thereon, and taking the same from plaintiff's possession. This is some evidence, not only of Graves' possession, but of his claim to the property, and he will not now be heard, under these facts, to assert that he is not a proper party.

The plaintiff has elected, as he had the right to do, to sue for the mule, upon the ground that the fraud avoided the contract of exchange, and, therefore, that he is entitled to be restored to its possession and to have judgment for any resulting or consequential damages he has sustained by the deceit and false warranty. *Pritchard v. Smith, ante,* 79. A person who has been fraudulently induced to enter into a contract has

the choice of several remedies. He may repudiate the contract, and, tendering back what he has received under it, may recover what he has parted with or its value; or he may affirm the contract, keeping whatever property or advantage he has derived under it, and may recover in an action of deceit the damages caused by the fraud. While his affirmance may preclude him from rescinding the contract, it. does not prevent his maintaining an action of deceit. Moreover, if sued upon the contract, he may set up the fraud as a defense, or as a basis of a claim for damages by way of recoupment or counterclaim. And in a proper case the defrauded party may be entitled to the equitable remedies of rescission and cancellation or reformation. As a general rule, however, the defrauded party cannot both rescind and maintain an action of deceit. If he elects to rescind the contract, he may recover what he has parted with under it, but cannot recover damages for the fraud. The latter rule, as applied to a perfect rescission of the contract, is based, not alone upon the principle that the party has elected his remedy, but also on the fact that he has sustained no damage. 20 Cyc., 87, 88, and 89, and notes. This rule, of course, is bottomed upon the theory that he has suffered no loss that will not be fully repaired by the return to him of what he has given up. If, however, a perfected rescission does not place the injured party in *statu quo,* as where he has suffered damage which the rescission and the remedies based thereon cannot repair, there is no principle of law which prevents him from thereafter maintaining an action of deceit, and in such cases a recovery has uniformly been allowed. 20 Cyc., p. 89 and notes, citing *Faris v. Lewis,* 2 B. Mon. (Ky.), 375; *Lenox v. Fuller,* 39 Mich., 268; *Warren v. Cole,* 15 Mich., 261; 1 Bigelow on Fraud, 67. So an action for deceit in the making of false representation inducing plaintiff to sell goods to defendant has been held not necessarily inconsistent with a previous action of replevin to recover the goods. *Lenox v. Fuller,* 39 Mich., 268; *Welch v. Seligman,* 72 Hun. (N. Y.), 138, 25 N. Y. Suppl., 363. See, also, *Dean v. Yates,* 22 Ohio St., 388; 20 Cyc.. p. 89, note. Since the defrauded party to the contract has the-right to affirm it, retain its benefits, and also recover damages for the

fraud, he may sue to enforce his rights under the contract and at the same time maintain an action for deceit. Where a person by the practice of fraud obtains money from another under such circumstances that he has no right to retain it, the defrauded party may waive the tort and recover the money in an action for money had and received, upon the theory of an implied promise to pay it. . . . A return or an offer to return what plaintiff has received under the contract induced by the fraud is not a condition precedent to his maintaining an action of deceit (if he does not disaffirm), since he is entitled to the benefit of his contract plus the damages caused by the fraud. 20 Cyc., pp. 90 and 91, and notes. See, also, *May v. Loomis,* 140 N. C., 350.

The demurrer should have been overruled. The court, upon the evidence, directed a judgment of nonsuit against the plaintiff, under the statute, as to the deceit, upon the ground, as we were told at the hearing, that there was no proof of any *scienter.* An examination of the testimony convinces us that there was evidence of the fraud and the *scienter,* and of every other element required to make the fraud actionable. The case, in this respect, is not unlike *Whitmire v. Heath,* 155 N. C., 304; *Robertson v. Holton,* 156 N. C., 215; *Hodges v. Smith,* 158 N. C., 256, and same case at this term, 159 N. C., 525. Upon the general subject of what is sufficient to constitute actionable fraud and deceit, see, also, *Unitype Co. v. Ashcraft,* 155 N. C., 63; *Cash Register Co. v. Townsend,* 137 N. C., 652; *Whitehurst v. Insurance Co.,* 149 N. C., 273; Pollock on Torts (7 Ed.), 276, and other authorities cited in *Unitype Co. v. Ashcraft, supra.* The nonsuit was, therefore, erroneous.

There was evidence that defendant Brown made the representations; that they were calculated and intended to deceive, and did deceive. *Lunn v. Shermer,* 93 N. C., 164; *Black v. Black,* 110 N. C., 398; *Ashe v. Gray,* 88 N. C., 190 (*s. c.,* on rehearing, 90 N. C., 137), all actions against horse-traders.

But if the ruling as to the deceit had been correct, the court erred when it disregarded the cause of action as to the false warranty. Plaintiff had originally stated a cause of action within the jurisdiction of the court, and the mere fact that he

failed to prove a part of it did not oust the jurisdiction as to the other part. This is clearly established by the cases. This Court said in *Long v. Fields,* 104 N. C., 221: "It has been settled by a line of decisions in this Court, and manifestly upon mature consideration, that where there is a. warranty of soundness in the sale of a horse, the vendee may declare in tort for a false warranty and add a count in deceit,. or, under the new procedure, a second cause of action in the nature of deceit, and though the sum demanded be less than $200 the action will not be deemed one founded on contract, and the Superior Court will have jurisdiction," citing *Bullinger v. Marshall,* 70 N. C., 520; *Ashe v. Gray,* 88 N. C., 190; *s. c.,* on rehearing, 90 N. C., 137; *Harvey v. Hambright,* 98 N. C., 446. See, also, *Bowers v. R. R.,* 107 N. C., 721. In *Brock v. Scott,* 159 N. C., 513, *Justice Allen* thus stated the rule: "Nor do we think it is true, as contended by the defendant, that the Superior Court has no jurisdiction of the plaintiff's cause of action. The plaintiff alleges in his complaint facts which, if true, entitle him to a judgment for more than $200, and it has been repeatedly held that it is the sum demanded in good faith which determines the jurisdiction. *Sloan v. R. R.,* 126 N. C., 487; *Cromer v. Marsha,* 122 N. C., 564; *Horner School v. Wescott,* 124 N. C., 518; *Boyd v. Lumber Co.,* 132 N. C., 186; *Shankle v. Ingram,* 133 N. C., 254; *Thompson v. Express Co.,* 144 N. C., 392." In *Martin v. Goode,* 111 N. C., 288, the Court said: "Should the sum demanded be reduced under $200, by failure of proof, or by sustaining a demurrer to any part thereof, or to some of the causes of action, the jurisdiction would not thereby be ousted, except when the sum is so palpably demanded in bad faith as to amount to a fraud on the jurisdiction." To the same effect is the language of the present *Chief Justice* in *Sloan v. R. R., supra.* If the plaintiff in good faith alleges a cause of action within the jurisdiction of the Superior Court, the latter does not lose its jurisdiction thus acquired by the failure of plaintiff to prove the allegation in its entirety, or because he has fallen short of proving all or any part of it. The allegation of the pleading made in good faith fixes the jurisdiction of the court. More closely following our case,

perhaps, is *Ashe v. Gray,* on the rehearing, 90 N. C., 137, in which the Court said: "The complaint being for a tort, sustains the jurisdiction, though the charge of a *guilty knowledge* of the falsity of the representations which influenced the plaintiff in making the contract of exchange may not have been proved, and for the want of which no issue was asked to be made up." This seems to be conclusively against the ruling of the court by which the action was dismissed as to the false warranty.

The judgment must be reversed and a new trial had according to the law of the case as we have declared it to be.

Reversed.