It appeared on the trial that Ramsay died in October, 1820, possessed of a large estate; administration was committed to the defendant in November following; upon which the plaintiff and Drake, fearing that Ramsay's estate would prove insolvent, applied to the defendant, who promised to pay thedebt. In March, 1822, suit was commenced by the bank against the plaintiff and the sureties; shortly after which the defendant told Drake, who communicated it to the plaintiff, that the debt was paid; execution for it, however, issued, and was satisfied by the plaintiff.
His Honor, Judge Daniel, charged the jury that if the plaintiff had been lulled asleep by the false declaration of the defendant, and in consequence thereof had been compelled to pay the debt, he was entitled to a verdict, although the defendant had assets sufficient at the time to pay the debt; and that the affirmation made to Drake, and communicated to the plaintiff, was evidence to them.
A verdict was returned for the plaintiff. A rule for a new trial being discharged, and judgment rendered upon the verdict, the defendant appealed.
Several points were made in the cause which it is not necessary to notice.
The declaration is defective for want of an allegation that the fraud charged on Alston was intended to injure Farrar. It is also defective for want of an allegation as to the sufficiency of assets in Alston's hands, for Farrar's indemnity, at the time the assertion was made that the debt was paid, and as to the solvency of Drake at the same time. It states, it is true, Drake's solvency at the time he became joint surety, but that is not the material fact. But (72) there is a substantial error in the judge's charge. He instructed the jury that the plaintiff ought to recover, although *Page 52 
it was shown that Alston then had assets. This would destroy the very foundation of the action, for the complaint is, that during the time that Farrar was lulled into security by the fraud of Alston the assets of Ramsay, the fund to which Farrar was to look for his indemnity, were swept away, and that he was left without the means of obtaining satisfaction upon Ramsay's implied promise of indemnity; for the action is not founded on his being obliged to pay the debt, for he contracted that obligation without the agency or interference of Alston. The jury were not properly instructed, and there should be a new trial. What is said above as to there being no charge that the fraudulent act was intended to injure Farrar, was designed to apply to such a case as this, where the injury is not the direct, immediate, and natural consequence of the fraud, for when such is the case, perhaps it needs no averment that such was the intent, as the law presumes that was intended which is the immediate, direct, and natural consequence of an act, and the court, as the law draws the inference, does not require that the jury should do it. As this case may possibly be so amended as to present a statement of facts which will enable the plaintiff to recover, I think it best to reverse the judgment, and award a new trial rather than arrest the judgment. The judge of the Superior Court will then exercise his discretion in permitting the plaintiff to amend.