Nash, J.
 

 The first portion of his Honor’s charge is free from exception. To entitle the plaintiff to recover, it was necessary for him to show, that the corn was poisoned with arsenic ; that the defendant knew it and concealed it: and that he was injured thereby. And it is correct, as chai’ged, that if the defendant, or his clerk, told the plaintiff, that the corn had been exposed to the influence of arsenic, so as to put him on enquiry, before the contract was completed, the plaintiff could not recover. So far all is correct. We do not concur with his Honor in the subsequent part of the charge. He proceeds “but if such information were given after the property in the corn vested in the plaintiff, it would not avail.” We think in this
 
 *510
 
 there was error. The plaintiff claimed damages to the amount of the value of the three horses, which, it was alleged, had been poisoned by eating the corn, and had died. Upon the supposition, that a special action on the case can be maintained for the loss of the horses, the important enquiry, in this case, was as to the amount of dam • ages. If a seller makes a fraudulent representation of an article, yet the purchaser cannot maintain an action for deceit, if at the time of the contract, or before, he knows the fact to be otherwise than as represented. So in this case, if at the time the plaintiff fed his horses with the corn, he knew, or had been informed, it was poisoned with arsenic, although that information came to him after the contract was made, he cannot maintain an action for their loss; because it was his folly to make the experiment, after obtaining the information. The plaintiff, then, was entitled to damages, if the defendant did cheat him, only for the value of the corn, and not for that of the horses, for, either before or after the contract was closed and before the corn was used by him, he was apprised of the fact.
 

 We think there was error also in the closing part of the charge. The jury were instructed, that if what the defendant said to the plaintiff about the arsenic was c«i-
 
 culated
 
 to put him off his guard, rather than excite to en-quiry, then the talk about the arsenic would not avail the defendant. The action for deceit rests in the intention, with which a representation is made, or a fact not mentioned. It was not sufficient, that the representation made should be
 
 calculated
 
 to mislead — for that may be done by the most honest communication — but the representation must be made with the intent to deceive. Moral turpitude is necessary to charge a defendant in an action for a deceit.
 
 Hamrick
 
 v.
 
 Hogg,
 
 1 Dev. 350.
 

 Ter Curiam. Judgment reversed and a
 
 venire de novo
 
 ordered.