Nash, J.
 

 At the December Term, 1848, the case of
 
 West
 
 v
 
 Tilghman
 
 was decided, 9 Ire. Rep. 163. That was an action at law, brought to recover the boy Reuben, and under the same state of facts as exist here. The Court then decided, that tile legal title to the negro was not lost by the plaintiff’s being present at the sale, and not forbidding it. Upon the granting of the
 
 venire de novo,
 
 in that case, the then defendant, Tilghman, filed this bill for an injunction, to restrain the plaintiffs at law from proceeding in their action. The injunction was granted ; and, upon the coming in of the answers, on argument, it was dissolved and an appeal taken to this Court. The facts, upon which the plaintiff' rests his claim to the relief he asks, are, that the defendants were present, both at the hiring the slaves, Reuben and Sylva, and also at the sale of them ; and they fraudulently concealed their title. This fraudulent concealment is the
 
 gravamen
 
 of the plaintiff’s complaint. The title to the slaves was in the present defendants, at the time of the sale, by virtue of the fight of their wives ; but they both positively deny, that they had any knowledge of the fact at the time. And the plaintiff has entirely failed to sustain the allegationof fraud. The silence of the defendants, at the time of the sale, is fully explained by their ignorance of the fact of title. Fraud cannot exist, as a matter of fact, where the intent to deceive does not exist: for it is ernphat-
 
 *185
 
 ically the action of the mind which gives it existence. But the absence of all fraudulent intention is incontrovertibly shown by the fact, that Kilpatrick, one of the defendants,, purchased Sylva, one of the slaves,
 

 The case is not before us on the hearing, but on the interlocutory order dissolving the injunction. We see no error in the decision of his Honor below.
 

 This opinion will be certified to the Court of Equity for Lenoir County.
 

 Peii Cujuam. Ordered to be certified accordingly.