Battle, J.
 

 It is settled that a husband has a right to assign a legacy, or distributive share, due to his wife, for the purpose of paying his debts, and if the assignee can reduce it into possession during the life of the husband, the surviving wife cannot recover it;
 
 Barnes
 
 v.
 
 Pearson,
 
 6 Ire. Eq. Rep. 482;
 
 Arrington
 
 v.
 
 Yarbrough,
 
 1 Jones’ Eq. Rep. 72. The interest of the husband, in such rights of his wife, cannot be seized under an execution at law, against him, nor will the execution have any lien upon it, either at law or in equity. So, that until a bill be filed, the husband may make a
 
 bona fide
 
 assignment of it for the payment of what debts he chooses;
 
 Harrison
 
 v.
 
 Battle, 1
 
 Dev. Eq. Rep. 537. The counsel for the plaintiffs do not deny these propositions, but they insist that the bill charges that the assignment, in trust, to Latham,
 
 *29
 
 was fraudulent; that the charge is admitted by the demurrer; and that consequently, the assignment cannot stand in the way of their right to relief.
 

 The reply made by the defendants’ counsel is, that there is no sufficient charge, in the bill, of fraud in the execution of the deed in trust, under which they claim, to prevent them from taking benefit under it; that on the contrary, the deed in trust is referred to and made a part of the bill; that it purports to secure the payment of debts, the
 
 lona fieles
 
 of which is not impeached ; that the debtor had a right to make it, and that, therefore, the allegation of the bill, that the deed was made
 
 “
 
 with a view to defraud” the plaintiffs, is the mere assertion of a legal conclusion, which is not sustained by the facts therein set forth. This reply of defendants is, in our opinion, conclusive against the plaintiffs. It
 
 is
 
 true, that the bill does not contain any averment of facts, to show that the deed in trust was fraudulent. It is not pretended that there was any fraud in the
 
 factum
 
 of the deed, nor is there any intimation that the debts therein mentioned, were not justly due from the grantor ; and if he- owed them-, he- certainly had- a right to secure them in preference to that which he owed to the plaintiffs.
 

 The general allegation, then, of a fraudulent intent, is not justified by the fact stated in the bill, and of course, is not helped by the demurrer, which admits facts only, and not the legal conclusions, which the bill may deduce from them. The-demurrer must bo sustained,, and the bill dismissed with costs..
 

 Per Curiam. Decree accordingly..