J. E. STONE v. DOCTORS' LAKE MILLING COMPANY et al.

(Filed 17 November, 1926.)

**1. Actions—Torts—Deceit—Pleadings.**

In order to recover damages for tort or deceit in the sale of lands, it is required that the plaintiff specifically and definitely allege that the false representations of the defendant, the subject-matter of the action, causing the injury complained of, were made by the defendant with knowledge of their falsity, or with reckless disregard of their truth or falsity, and with the intent to deceive the plaintiff.

**2. Pleadings—Deceit—Tort—Allegations—Evidence.**

It is necessary that plaintiff allege sufficient facts to constitute the deceit or tort of defendant, causing damages in suit, to admit of evidence thereof.

**3. Appeal and Error—Trials—Election of Remedy—Review.**

Where the plaintiff has elected to try his action in the Superior Court exclusively on one theory, the Supreme Court on appeal will not review the case on a different one.

Appeal by plaintiff from *Barnhill, J.,* at March Term, 1926, of Wake.

Civil action for damages for the tort of deceit in the sale of land.

From a judgment of nonsuit, entered on motion of the defendants, at the close of plaintiff's evidence, the plaintiff appeals.

*Manning & Manning for plaintiff.*
*R. N. Simms, Douglass & Douglass and J. W. Bailey for defendants.*

Stacy, C. J. The following appears in the statement of case on appeal:

"Plaintiff having announced before the introduction of evidence that the cause of action was based on tort for damages for false and fraudulent representations, and the court being of the opinion that upon such cause of action and evidence offered the plaintiff is not entitled to recover, allowed the motion of the defendant for judgment as of nonsuit."

We cannot hold this ruling to be erroneous, as no action for the tort of deceit is set out in the complaint. It is not alleged that the false representations, upon which plaintiff says he relied to his injury, were made with knowledge of their falsity or with reckless disregard of their truth or falsity, nor is it alleged that such false representations were made with intent to deceive the plaintiff.

STONE *v.* MILLING CO.

The general conditions under which factual misrepresentations may be made the basis of an action for deceit are stated in Pollock on Torts (12 ed.), 283, as follows:

"To create a right of action for deceit there must be a statement made by the defendant, or for which he is answerable as principal, and with regard to that statement all the following conditions must concur:

"(a) It is untrue in fact.

"(b) The person making the statement, or the person responsible for it, either knows it to be untrue, or is culpably ignorant (that is, recklessly and consciously ignorant) whether it be true or not.

"(c) It is made to the intent that the plaintiff shall act upon it, or in a manner apparently fitted to induce him to act upon it.

"(d) The plaintiff does act in reliance on the statement in the manner contemplated or manifestly probable, and thereby suffers damage."

This formula has been approved by us in a number of decisions. *Corley v. Griggs, ante,* 171; *Simpson v. Tobacco Growers,* 190 N. C., 603; *Hollingsworth v. Supreme Council,* 175 N. C., p. 635; *Whitehurst v. Ins. Co.,* 149 N. C., 273.

Speaking to the subject in *Tarault v. Seip,* 158 N. C., 363, *Brown, J.,* said: "An essential element of actionable fraud is the *scienter* or knowledge of the wrong on the part of the vendor. Where the representation is made as a part of the warranty, the vendor is held liable for his statement, whether he knew it to be true or not, but where the action is for fraud the burden is upon the party setting it up to prove the *scienter.* This distinction is well made by *Chief Justice Pearson* in *Etheridge v. Palin,* 73 N. C., 216, and is well supported by numerous authorities in this and other states. This Court said in *Tilghman v. West,* 43 N. C., 183: 'Nor can fraud exist where the intent to deceive does not exist, for it is emphatically the action of the mind that gives it existence.' And in *Hamrick v. Hogg,* 12 N. C., 350, *Judge Henderson* says: 'It is not sufficient that the representation be false in point of fact; the defendant must be guilty of a moral falsehood. The party making a representation must know or believe it to be false, or, what is the same thing, have no reason to believe it to be untrue.' The action for fraud and deceit rests in the intention with which the representation is made, and not upon the representations alone."

To like effect is the language of *Varser, J.,* in *Colt v. Kimball,* 190 N. C., 169; "It is accepted in this jurisidction that the facts relied upon to constitute fraud, as well as the fraudulent intent, must be clearly alleged (citing authorities). Fraud must be charged positively and not by implication. . . . Fraud must be charged so that all its necessary elements appear affirmatively." (Citing authorities for the position.)

Our decisions are to the effect that "where it is sought to base one's relief on the ground of fraud, the allegations of fact must be specific and definite." *Evans v. Davis,* 186 N. C., p. 45.

In *Galloway v. Goolsby,* 176 N. C., 635, it was held that a representation as to the number of acres in a certain tract of land, alleged to be false and fraudulent and inducing the purchase, was insufficient to support an action for fraud, as it was not alleged "that there was any intent to defraud and deceive."

A party seeking to set aside a deed for fraud "was compelled to file his bill formerly in a court of equity and must allege such facts in his pleadings are relied upon to establish the fraud." *Helms v. Green,* 105 N. C., 251.

A complaint which failed to allege that the fraud charged against the defendant was intended to injure the plaintiff, was held defective in *Farrar v. Alston,* 12 N. C., 69. And in *Witherspoon v. Carmichael,* 41 N. C., 143, it was held that without a direct and positive charge of fraud, the plaintiffs would not be permitted to prove the fraud, and, of course, could have no relief on account of it.

A complaint which contains no allegation of a fraudulent intent, or facts from which it may reasonably be inferred, fails to state a cause of action for deceit, and such defect may be taken advantage of by demurrer. *Bryan v. Spruill,* 57 N. C., 27.

Proof without allegation is as unavailing as allegation without proof. *Dixon v. Davis,* 184 N. C., p. 209; *Green v. Biggs,* 167 N. C., p. 422; *McCoy v. R. R.,* 142 N. C., p. 387.

The allegations of false warranty, or of breaches of covenants in the deed, were waived at the trial, as appears from the record, above quoted; hence, as the plaintiff elected to try his case in the Superior Court exclusively on the theory of deceit, we are required, by the pertinent decisions, to consider it in the same way on appeal. *Shipp v. United Stage Lines, Inc., ante,* 475, and cases there cited.

We do not find the defect in the complaint, viewed in the light of the trial, aided sufficiently by the answer to warrant a reversal of the judgment of nonsuit, as suggested by the plaintiff *(Ricks v. Brooks,* 179 N. C., 204), for, upon another hearing, the complaint, without amendment, would be subject to demurrer, so far as the action of deceit is concerned. The decision in *Foy v. Stephens,* 168 N. C., 438, is not at variance with this position.

Affirmed.