BESSIE WILLIS YOUNG v. KATHERINE E. HAMILTON.

(Filed 19 December, 1928.)

APPEAL by defendant from *McElroy, J.,* at September Term, 1928, of BUNCOMBE.

Civil action to recover on two negotiable promissory notes representing the balance due on the purchase of a lot of land located in the city of Asheville.

The defendant admitted the execution of the notes sued on in this action, and pleaded as a defense that she was induced to purchase the lot of land in question by the false and fraudulent representations of plaintiff's agent as to the location of said lot with reference to its proximity to Southside Avenue.

The defendant contends that the plaintiff's agent represented to her daughter that the lot in question was quite valuable for the reason that it was separated from Southside Avenue by a very narrow strip of land, seven or eight feet, and that this small strip of land could not be utilized or used to advantage, except in connection with the lot she was buying,

and that the owners of said narrow strip would have to purchase her lot in order to utilize their own property, hence her lot could be sold to them at a profit within thirty days. That as a matter of fact this intervening strip of land is 32.9 feet in width and could readily be used for a store-building, filling station or other purpose.

The trial court ruled that the evidence of fraud was not sufficient to go to the jury, and dismissed the defendant's counterclaim.

From a verdict and judgment for plaintiff the defendant appeals, assigning errors.

*A. Hall Johnston and Ward & Allen for plaintiff.*
*Lee, Ford & Coxe for defendant.*

PER CURIAM. Pretermitting the question as to whether the defendant in her counterclaim has alleged facts sufficient to constitute a defense or a cause of action for deceit *(Stone v. Milling Co.,* 192 N. C., 585, 135 S. E., 449), we are of opinion that the evidence offered in support thereof is too vague and indefinite or too gossamery to sustain such an action or to defeat plaintiff's claim.

No error.