THE COMMERCE UNION TRUST COMPANY, MORRIS LIPINSKY, S. WHITLOCK LIPINSKY, AND LOUIS LIPINSKY, TRUSTEES UNDER THE LAST WILL AND TESTAMENT OF SOLOMON LIPINSKY, DECEASED, AND MORRIS LIPINSKY, S. WHITLOCK LIPINSKY AND LOUIS LIPINSKY, INDIVIDUALLY, v. CLARA LIPINSKY THORNER.

(Filed 22 January, 1930.)

**Wills E h—In this case held: trust estate did not terminate upon death of widow and income payable to her should be reinvested as corpus of the estate.**

Where the trustees of a trust estate created by will are directed to invest and reinvest the residue of the estate and hold the same in trust and pay the widow three-fourths of the income and pay one-fourth to the testator's daughter, the trust estate to continue during the life of the widow and for a period of not less than ten years from the date of the testator's death, and then the corpus be distributed to his four children, including the daughter, or their children *per stirpes* in case of death of the testator's children: *Held*, by the express and unambiguous language of the will, the trust estate does not terminate within the ten-year period from testator's death, and where the widow has died during this period, the three-fourths of the income she received under the will, there being no other disposition of such income, should be kept and reinvested by the trustees as an accumulation of the corpus of the trust estate until the specified life of the trust, and then divided in accordance with the distribution specified in the will.

APPEAL from *Finley, J.,* at November Term, 1929, of BUNCOMBE. Reversed.

Controversy without action (C. S., 626). The parties to this controversy submitted to the court for its determination their conflicting contentions, upon a statement of facts agreed, with respect to the disposition by testamentary trustees of the income from a trust fund in their hands.

The trust fund was created by Solomon Lipinsky, deceased, by Item VI of his last will and testament, and is held by the trustees named therein under the provisions of said item. The said item is as follows:

"Item VI. I give, devise and bequeath all the rest, residue and remainder of my property and estate, real, personal and mixed, of whatsoever nature and wherever situate, and whether now owned by me, or hereafter acquired, or to which I may be entitled at the time of my death, unto the Commerce Union Trust Company of Asheville, in the State of North Carolina, and my sons, Morris Lipinsky, S. Whitlock Lipinsky and Louis Lipinsky, or the survivors of them, as trustees, to be held by it and them, in trust, for the uses and purposes hereinafter set forth and declared, that is to say:

(a) The said trustees, or the survivors of them, shall hold, manage and administer said property and estate, collecting the income and profits

thereof for and during the term of the natural life of my beloved wife, Eva Lipinsky, and for a period of not less than ten years after the date of my death, and shall pay over three-fourths of the net income derived therefrom, to my said wife so long as she shall live, and one-fourth to my said daughter, and, upon the death of my said wife, or the expiration of said ten years after the date of my death (if she shall not so long survive me), or as soon thereafter as practicable, the said trustees shall pay over, deliver, transfer and convey all the principal, or corpus, of said trust fund or residuary estate to, and divide the same equally among my four children, Morris Lipinsky, S. Whitlock Lipinsky, Louis Lipinsky and Clara Lipinsky Thorner, share and share alike, thus terminating the trust by this item of my will created; *Provided, however,* if any one or more of said children shall have died leaving lawful issue, or legally adopted child, then the share of such child of mine so dying shall be paid over and delivered to the said Commerce Union Trust Company of Asheville, as trustee, to be held, invested and reinvested by it, the net income thereof to be paid by said trustee to the guardian of such issue until the youngest thereof attains the age of twenty-one years, when the principal of said share, or shares, shall be divided equally between such issue, *per stirpes,* or the heirs of their body, *per stirpes.*

(b) The said trustees, or said Trust Company and a majority of the survivors of the other of said trustees, are authorized to sell and convey, either at public or private sale, and at such prices as they deem best, any real or personal property coming into their hands by virtue of this item of my will, and to reinvest the proceeds thereof, and, from time to time, to change or alter, by exchange or otherwise, any investments of said trust fund, if the interest of said trust fund appears to be benefited thereby; special care, however, shall be taken by said trustees to avoid speculation and to insure safe and profitable investments;

(c) I direct that the said Trust Company shall keep a clear, concise and separate record of the several trusts herein created, and of all the transactions in connection with the said trust funds, which records shall, at all times, be subject to free inspection by the beneficiaries of said trust fund;

(d) I direct that the said trustees, and my executors, hereinafter named, shall receive, as compensation for their services, the usual commissions allowed by law, provided that said Commerce Union Trust Company of Asheville shall receive, for its services full two and one-half per cent (2½%) commission, the balance of the commission, if any, to be divided among the other trustees and executors, as the case may be."

The testator, Solomon Lipinsky, died on 28 March, 1925. His last will and testament was duly probated and recorded in the office of the

clerk of the Superior Court of Buncombe County, North Carolina. His three sons, named in the foregoing item of his said last will and testament as cotrustees with the Commerce Union Trust Company of Asheville, N. C., and also as beneficiaries of the trust, survived him; they are parties, both as trustees and as individuals, to this controversy without action. Mrs. Eva Lipinsky, the wife, and Mrs. Clara Lipinsky Thorner, the daughter, of the testator, also survived him. Mrs. Eva Lipinsky is dead; she died on 7 November, 1928. . Mrs. Clara Lipinsky Thorner is now living; she is a party to this controversy without action.

The plaintiffs, the Commerce Union Trust Company of Asheville, N. C., and the three sons of Solomon Lipinsky, deceased, have in hand the fund which they received, and which they hold, as testamentary trustees, under the provisions of said Item VI. This fund has been invested by the said trustees, and has yielded, and continues to yield, an income which the said trustees have collected, and which they will continue to collect, as they are required to do by the provisions of said Item VI. .

Three-fourths of the net income from said trust fund collected by the said trustees prior to the death of Mrs. Eva Lipinsky, was paid to her by them, in accordance with the provisions of said Item VI. Since her death, the said trustees have retained in their possession three-fourths of said net income collected by them; they now have in hand, in addition to the principal or corpus of said fund, the sum of $9,000, the said sum being three-fourths of the net income from said fund. The said trustees have refused to pay out this sum to any one.

One-fourth of the net income from said trust fund collected by said trustees, both before and since the death of Mrs. Eva Lipinsky, has been paid to Mrs. Clara Lipinsky Thorner, daughter of Solomon Lipinsky, deceased, by them, in accordance with the provisions of said Item VI.

No part of the net income from said trust fund collected by said trustees since the death of Mrs. Eva Lipinsky, widow of Solomon Lipinsky, has been paid by them to his sons, Morris Lipinsky, S. Whitlock Lipinsky or Louis Lipinsky, beneficiaries of said trust.

This controversy without action involves the disposition by said trustees of the three-fourths of the net income from said trust fund, which has been collected by said trustees since the death of Mrs. Eva Lipinsky, widow of Solomon Lipinsky, or which shall hereafter be collected by them, during the continuance of said trust. The questions submitted to the Court for its decision, as stated by the parties to this controversy without action, are as follows:

"1. Whether or not said three-fourths of said net income shall be allowed to accumulate as a part of the principal of the trust estate, and

at the termination of the trust period of ten years be divided equally among the four beneficiaries of said trust, to wit: Morris Lipinsky, S. Whitlock Lipinsky, Louis Lipinsky, and Clara Lipinsky Thorner"; or

"2. Whether or not said three-fourths of said net income shall now be paid to Morris Lipinsky, S. Whitlock Lipinsky and Louis Lipinsky, and no part thereof to Mrs. Clara Lipinsky Thorner, to whom one-fourth of said income is payable under Item VI."

Morris Lipinsky, S. Whitlock Lipinsky and Louis Lipinsky, as beneficiaries of the trust, contended that upon the death of Mrs. Eva Lipinsky, widow of Solomon Lipinsky, they became and are now entitled to share in the net income from the said trust fund, equally with their sister, Mrs. Clara Lipinsky Thorner, and that the net income which has been collected from said trust fund by the trustees since the death of Mrs. Eva Lipinsky, and the net income from said trust fund which shall be collected by said trustees during the remainder of the trust period of ten years, should be paid by the said trustees to them and to their said sister in equal shares, that is to say, to each one-fourth thereof.

Mrs. Clara Lipinsky Thorner, as a beneficiary of the trust, contended that the three-fourths of the net income from said trust fund, which has been collected by the trustees since the death of Mrs. Eva Lipinsky, and the three-fourths of said net income which shall hereafter be collected by them during the trust period of ten years, should be held by said trustees as a part of the principal of said trust fund, until the termination of the trust at the expiration of ten years from the death of Solomon Lipinsky, and that then, the entire fund in the hands of the said trustees, including the accumulations, should be divided equally among the four children of Solomon Lipinsky, in accordance with the provisions of Item VI, of his last will and testament, or that if the said three-fourths of the said net income is not required to be held until the termination of the trust, but shall be paid out by the trustees now as income, that she should share equally with her brothers in said three-fourths of said income, without accounting for the one-fourth which the trustees are directed to pay to her by the provisions of Item VI.

The court was of opinion that by the provisions of Item VI of the last will and testament of Solomon Lipinsky, the trust thereby created by the testator terminated at the death of Mrs. Eva Lipinsky, and that the principal of the trust fund in the hands of the trustees should have been divided equally among his four children, as beneficiaries of the trust; and that Mrs. Clara Lipinsky Thorner, having received from the trustees one-fourth of the net income from the said principal, collected by the trustees since the termination of the trust, is not entitled to share in the distribution of the sum now in the hands of the trustees, and held

by them as three-fourths of the net income from the trust fund, collected since the death of Mrs. Eva Lipinsky.

From judgment in accordance with the opinion of the court, the Commerce Union Trust Company of Asheville, N. C., one of the trustees, and Clara Lipinsky Thorner, appealed to the Supreme Court.

*Alfred S. Barnard for Morris Lipinsky, S. Whitlock Lipinsky and Louis Lipinsky.*
*Merrimon, Adams & Adams for the Commerce Union Trust Company.*
*Martin & Martin for Clara Lipinsky Thorner.*

CONNOR, J. We do not concur in the opinion of the Superior Court in accordance with which its judgment was rendered, to wit: "That by the terms of the last will and testament of Solomon Lipinsky, deceased, the trust created by Item VI of said will terminated upon the death of Eva Lipinsky, wife of the said Solomon Lipinsky, and that by the terms of said item, the principal or corpus of the residuary estate of the said testator should have been divided at that time, or as soon thereafter as practicable."

It is clear, we think, that it was the intent of the testator, expressed in language which is free from ambiguity, and which therefore does not call for construction *(Wooten v. Hobbs,* 170 N. C., 211, 86 S. E., 811), that the trust created by him in Item VI of his last will and testament, should continue for ten years from the date of his death, at least, and that if his wife survived the expiration of said ten years, that the trust should continue so long as she should live, and in that event should terminate at her death. As she died before the expiration of said period of ten years, the trust continues and does not terminate until the expiration of ten years from the date of the death of the testator.

The parties to this controversy without action do not seem to have had any difference of opinion as to when the trust terminates, under the provisions of Item VI. It seems to be conceded by them that the trust did not terminate at the death of Mrs. Eva Lipinsky, but that it continues until the expiration of ten years from the date of the death of the testator. Whether or not it was error for the court to determine a question not expressly submitted by the parties to the controversy, upon the facts agreed, as contended by the Commerce Union Trust Company of Asheville, we do not now decide or consider. We are of opinion and so hold that there is error in the judgment for that it was rendered in accordance with an erroneous opinion of the court upon the question as to when the trust terminated. For this error, the judgment must be reversed.

We are further of the opinion that in the absence of a direction by the testator as to the distribution of the three-fourths of the net income from the trust fund collected after the death of Mrs. Eva Lipinsky, and before the expiration of the trust, the trustees must hold said three-fourths of said income until the termination of the trust, that is, until the expiration of ten years from the date of the death of the testator. At the termination of the trust, the sum then in the hands of the trustees, representing accumulated income from the trust fund, should be paid by the trustees to the persons who, under the provisions of Item VI, are entitled to share in the principal or corpus of the trust fund.

If the three sons and the daughter of the testator shall be living at the termination of the trust, each will be entitled to an equal share of the fund, including accumulated income. Item VI, however, contains the following provision:

"*Provided, however,* if any one or more of my said children shall have died leaving lawful issue, or legally adopted child, then the share of such child of mine so dying shall be paid over and delivered to the said Commerce Union Trust Company of Asheville, as trustee, etc." The ultimate beneficiaries of the trust created by Item VI of the last will and testament of Solomon Lipinsky cannot be determined until the termination of the trust.

The suggestion of the learned counsel for the appellant, Mrs. Clara Lipinsky Thorner, both in his brief and in his argument in this Court, that the income from the trust fund, after the death of Mrs. Eva Lipinsky, should be paid by the trustees to the children of Solomon Lipinsky, as his distributees, and heirs at law, for the reason that said income is in the nature of undevised property, cannot, we think, be sustained. If the income from the trust fund collected by the trustees after the death of the testator, can be held to be the property of the testator, then the language of Item VI, is broad and comprehensive enough to include such income, and vest it in the trustees, as a part of the residuum of the estate, and therefore as part of the corpus of the trust fund.

In any event, we are of the opinion that the income from the trust fund, collected by the trustees, and retained by them, because the testator has not authorized them to pay it out, until the expiration of the trust, must be held by the trustees and paid by them, at the termination of the trust, to the persons who shall then, under the provisions of Item VI, be entitled to the fund in their hands. To the end that judgment may be entered in the Superior Court of Buncombe County in accordance with this opinion, the judgment rendered must be

Reversed.