### JESSE HILL v. LINDSAY SNIDER.

(Filed 17 April, 1940.)

**1. Fraud §§ 1, 8—**

The elements of actionable fraud are a misrepresentation of material fact, made with knowledge of its falsity or in culpable ignorance of its truth, with intent that it should be relied upon, and which is relied upon by the other party to his damage, and a complaint which fails to allege that the misrepresentation was made with the intent to deceive plaintiff is insufficient to state a cause of action for fraud.

**2. Courts § 1a—Complaint held to allege cause of action for breach of warranty in amount less than the minimum within the jurisdiction of the Superior Court.**

The complaint alleged in substance that plaintiff purchased a mare from defendant, that the defendant warranted the mare to be sound, that in fact the mare had defective eyesight, which was known to defendant, that plaintiff relied upon the representation that the mare was sound, and that plaintiff was damaged in the sum of $125.00, and, as a second cause of action, alleged that as a result of the said wrongful act of defendant, plaintiff had been obliged to feed a worthless mare to his damage in the sum of $100.00. *Held:* The complaint fails to state a cause of action for fraud in that it fails to allege *scienter*, but states a cause of action for breach of warranty in the sum of $125.00, which is within the exclusive original jurisdiction of a justice of the peace, C. S., 1473, the sum claimed for feeding the mare not being within the rule for the determination of the jurisdictional amount, and therefore defendant's demurrer to the action instituted in the Superior Court was properly sustained.

APPEAL by plaintiff from *Grady, J.,* at October Term, 1939, of RANDOLPH.

Civil action instituted in Superior Court for recovery of damages for alleged deceit and false warranty.

Plaintiff in his complaint alleges these facts briefly stated: That on 11 May, 1938, plaintiff purchased a mare from defendant for the price

of $125.00, on the representation of defendant, upon which he relied, that she was all right in every way; that said representation was false, and known by defendant to be false, in that there was something wrong with the eyes of the mare; that "as plaintiff is informed and believes, she was mooneyed and when she got in the condition that she could not see well, that she was blind and affected with something like fits—would run and jump, and was unsafe and dangerous to work"; that plaintiff was deceived by said false representation; that said representation "was a warranty" on the part of defendant that said mare was all right, and that she was sound and her qualities were good; that there was a breach of warranty for that the mare was not all right and her qualities were not good in that her eyesight was bad at certain times, and when her eyesight became bad she was affected with nervousness to such degree that she almost had fits, and was unsafe and dangerous to work, and could not see where she was going; "that the plaintiff was deceived by the defendant as aforesaid, and the defendant warranted said horse"; that the mare is worthless and plaintiff is damaged in sum of $125.00.

Plaintiff further alleges that by reason of the wrongful acts of defendant, plaintiff has had to feed a worthless horse to his damage in the sum of $100.00.

Plaintiff, therefore, prays judgment in sum of $225.00.

While defendant in his answer admits the sale of the mare to plaintiff at $125.00, he denies all other material allegations, and pleads counterclaim of $25.00 balance due on purchase price of the mare.

It is recited in judgment below that when the case came on for hearing, defendant demurred *ore tenus* to both the alleged causes of action set forth in the complaint filed by the plaintiff on the ground that the second alleged cause of action does not state facts sufficient to constitute a cause of action, and that the Superior Court does not have jurisdiction in the first cause of action, in that the action is for an alleged breach of warranty and the amount sought to recover is less than $200.00. The court being of the opinion that the demurrer is well founded, sustained the same. Thereupon, plaintiff's action is dismissed, and, upon motion of plaintiff, the counterclaim of defendant is dismissed.

From the judgment dismissing his action, plaintiff appeals to Supreme Court and assigns error.

*J. A. Spence for plaintiff, appellant.*
*J. V. Wilson for defendant, appellee.*

WINBORNE, J. Counsel for appellant, in brief filed in this Court, states that: "At the hearing the defendant demurred *ore tenus* to one cause of action on the ground that the complaint does not state facts

sufficient to constitute a cause of action, and in the other to the jurisdiction of the court. His Honor sustained the demurrer and signed a judgment dismissing the action in which he called the first cause of action second, and the second the first." Considering the rulings of the court as set forth in judgment below, in the light of the pleadings, it is patent that the ruling with respect to failure to state facts sufficient to constitute a cause of action relates to allegations of fraud termed by the court "first alleged cause of action," and that as to lack of jurisdiction, relates to those bearing on breach of warranty referred to as "second alleged cause of action."

These questions then arise as determinative of this appeal:

(1) If the action be in tort for deceit or actionable fraud and false warranty, are the allegations of the complaint sufficient to constitute a cause of action?

(2) If not, and the action be on contract for breach of warranty, are the allegations sufficient to state a cause of action which is within the jurisdiction of the Superior Court?

We hold that the answer to each is "No."

1. "The essential elements of actionable fraud or deceit are the representation, its falsity, *scienter,* deception, and injury. The representation must be definite and specific; it must be materially false; it must be made with knowledge of its falsity or in culpable ignorance of its truth; it must be made with fraudulent intent; it must be reasonably relied upon by the other party; and he must be deceived and caused to suffer loss." *Adams, J.,* in *Electric Co. v. Morrison,* 194 N. C., 316, 139 S. E., 455. See, also, *Berwer v. Ins. Co.,* 214 N. C., 554, 200 S. E., 1, and cases there cited.

If the present action be in tort, there is no allegation that the alleged false representation was made with intent to deceive the plaintiff. This is an essential element of actionable fraud. *Stafford v. Newsom,* 31 N. C., 507; *Colt v. Kimball,* 190 N. C., 169, 129 S. E., 406; *Stone v. Milling Co.,* 192 N. C., 585, 135 S. E., 449; *Ebbs v. Trust Co.,* 199 N. C., 242, 151 S. E., 263. In *Stone v. Milling Co., supra,* reference is made to the case of *Farrar v. Alston,* 12 N. C., 69, where "a complaint which failed to allege that the fraud charged against defendant was intended to injure plaintiff, was held defective." The Court further said: "A complaint which contains no allegation of a fraudulent intent, or facts from which it may reasonably be inferred, fails to state a cause of action for deceit, and such defect may be taken advantage of by demurrer," citing authority.

In case of warranty, the plaintiff may sue in tort for deceit, adding a count for false warranty. In such event the *scienter* is material. But if the plaintiff sue in contract for breach of warranty growing out of

the same state of facts, the *scienter* is not material. *Ashe v. Gray,* 88 N. C., 190; *S. c.,* 90 N. C., 137; *Long v. Fields,* 104 N. C., 221, 10 S. E., 253; *Robertson v. Halton,* 156 N. C., 215, 72 S. E., 316; 37 L. R. A. (N. S.), 298.

2. If, on the other hand, the theory of the present action be in contract for breach of warranty, the sum demanded, exclusive of the item of $100.00 claimed for feeding the mare, is less than two hundred dollars and, hence, is within the exclusive original jurisdiction of justice of peace. C. S., 1473; *Sewing Machine Co. v. Burger,* 181 N. C., 241, 107 S. E., 14.

Under the allegations in the complaint relative thereto, the amount claimed for feeding is manifestly not within the rule for admeasurement of damages in such cases, *Lunn v. Shermer,* 93 N. C., 164, and may not be taken into consideration in ascertaining the amount demanded for jurisdictional purposes.

The judgment below is
Affirmed.